## LITTLE et al. v. BLANK.

No. 1752.   Decided November 15, 1906 (87 Pac. 708).

1. JUSTICES OF THE PEACE—APPEAL—FILING FEES—PAYMENT — DISMISSAL.—Revised Statutes 1898, sections 971, 972, provide that the county clerk shall collect' $2.50 in advance for the benefit of the county for dismissal of an appeal from a justice's court when such dismissal is entered on the minutes of the court.   Section 3750 as amended by Laws 1899, p. 74, c. 50, provides that an appeal may be dismissed on motion because the appeal papers were not filed in the district court and the advance fee required therefor was not paid within 30 days after the transcript was received by the clerk. *Held*, that, where defendant in a justice's court appealed, but failed to pay the fee for filing' the papers in the district court within the time required, plaintiff was entitled to pay such fee and have the appeal dismissed though defendant tendered the fees after plaintiff had paid them but before notice of the hearing of the motion to dismiss the appeal.

SAME—VOLUNTARY PAYMENT—WAIVER OF RIGHT TO DISMISSAL.— Where a district court clerk was prohibited from filing papers on appeal from a justice of the peace until the advance filing fee was paid, and the defendant who appealed failed to pay the fee within the time required, payment of the fee by plaintiff in order to move to dismiss the appeal, was not a voluntary payment which waived his right to have the appeal dismissed.

APPEAL from District Court, Salt Lake County; T. D. Lewis, Judge.

Action by F. W. Little and another as copartners against Henry Blank.   A justice's judgment was rendered in favor of plaintiff, from which defendant appealed to the district court, and from an order of dismissal, defendant appeals.

AFFIRMED.

*Reed & Hartley* for appellant.

*Harrington & Sanford* for respondent.

APPELLANT'S POINTS.

Upon the proposition that the motion filed with the clerk on January 23, 1906, by appellees was not the notice required by chapter 50, Laws 1899, we submit the following citations: Secs. 3330, 3331, 3334, Rev. Stat. 1898; Sutherland on Statutory Constr. (1891 Ed.), secs. 369, 440; *Cates v. Mack,* 6 Colo. 401; *Burlock v. Shupe,* 5 Utah 428, 435; *Mercantile Co. v. Glenn,* 6 Utah 139; *Keane v. Murphy,* 6 Nev. 89, 96; *Fry v. Bennett,* 16 How. Pr. (N. Y.) 402; *In Matter of Railroad,* 60 N. Y. 112, 115; *Yorks v. Peck,* 17 How. Pr. (N. Y.) 192; *Biagi v. Howes,* 66 Cal. 469, 472; *Bank v. Sprague,* 21 N. J. Eq. 458; *Webb v. Brown,* 19 Johns. (N. Y.) 435, 445; *Veedenburg v. Calf.,* 7 Paige 419, 420; *Keith v. Wheeler,* 159 Mass. 161. In California under a rule of court covering the dismissal of appeals under conditions similar to those under the Utah statute, the holding is that the motion is not the notice, and that a notice is necessary. (*Hill v. Finnigan,* 54 Cal. 311; *Hoyt v. Railroad,* 87 Cal. 610; *Dyer v. Bradley,* 88 Cal. 590, 591.) We invite the close attention of the court to all of the cases above cited and particularly to the case: *Cates v. Mack,* 6 Colo. 401.

As indicating how far the courts have gone to preserve an existing right of appeal, we cite these cases: (*Snyder v. Circuit Judge,* 45 N. W. 596; *Garrett v. Litchfield,* 10 Mich. 451; *Babcock v. Twist,* 16 Mich. 282; *Westcott v. Eccles,* 3 Utah 264.) Upon the proposition, that under the evidence, on the hearing to dismiss the appeal of appellant, the appellant fully complied with the law by tendering payment by check prior to the service of any notice upon appellant to dismiss, we cite the following cases: *Browning v. Crouse,* 40 Mich. 339, 342; *McGrath v. Gegner,* 77 Md. 331, 339, 340; *Ricketts v. Buckstaff,* 64 Neb. 851, 854; *Bradford v. Foster,* 87 Tenn. 4, 11, 12; *Duffy v. O'Donovan,* 46 N. Y. 222; *Linck v. Mack,* 25 Misc. (N. Y.) 615. Appellant contends that the payment of the advance fee by appellees without any qualification, limitation or condition whatsoever, at the time

of said payment, operated as a waiver by appellees on the
part of appellant to pay such fee, and operated as a waiver
by appellees of their right to dismiss said appeal on notice
given, operated as a general appearance in the case, thereby
docketing the appeal for all purposes including the trial of
the case, and this is true irrespective of a legal notice to dis-
miss. (*Coppernall v. Ketchum,* 56 Barb. 111, 113, and cases
cited; *Seymour v. Judd,* 2 N. Y. 464; *McCombs v. Johnson,*
47 Mich. 592; *Lowe v. Stringham,* 14 Wis. 241; *Clapp v.
Groves,* 26 N. Y. 419; *Caughey v. Vance,* 3 Chad. 315.)

RESPONDENT'S POINTS.

"All appeals must be brought within the time allowed
by statute or the right will be lost, and it is a right which
cannot be extended by any agreement of the parties, or by
the court, after the time for entering an appeal has elapsed;
nor can the presence of the opposite party in court give any
jurisdiction, but mere irregularities, however, in perfecting
an appeal may be waived or amended." (1 Ency. [1 Ed.],
621, and cases; 2 Ency. Pl. and Pr., 16, 20, 244; *Zechen-
dorf v. Zechendorf,* 25 Pac. 648.)

The time of taking the appeal is jurisdictional, also is the
time for docketing it, and docketing, except for the purpose
of dismissing it, after the thirty days is a nullity, and the
court was right in dismissing the appeal. (*Salt Lake City v.
Redwine,* 6 Utah 335, 23 Pac. 756; *Zechendorf v. Zechen-
dorf,* 25 Pac. 628; *Davenport v. Grisson,* 18 S. E. 78; *Bal-
lard v. Gay,* 108 N. C. 544, 13 S. E. 207; *Wilder v. Pruess,*
33 Neb. 790; *Lindsay v. Thompson,* 10 Ohio St. 452; *Barnes
v. Modisett* [Ind.], 3 Blackf. 253; *Brown v. Modisett,*
[Ind.], 3 Blackf. 392; *Butler v. Skomp* [Ind.], 3 Blackf.
392; *Carter v. Monnastes,* 19 Or. 538; *Klein v. St. Paul,* 16
N. W. 265; *Schroeder v. Burnstown,* 35 Minn. 468; *Cotes
v. Carroll,* 28 How. Pr. 446; *Wait v. Van Allen,* 22 N. Y.
318; *Steel v. Rees* [Or.], 11 Pac. 68; *Swope v. Smith,*
[Okla.], 33 Pac. 504; *Reed v. Driscoll,* 84 Ill. 96; *Hunter ·
v. Cole,* 49 Me. 556; *Robinson v. Walker,* 45 Mo. 117.) In

making a motion of dismissal on the ground that the appeal was not taken within time, or that the transcript was not filed in time, or that the abstract was not indexed, or that the appeal bond not filed in time, it is not customary to enter a special appearance for the purpose of making the motion, but simply to move the dismissal on the ground relied upon, and our court holds these requirements jurisdictional. (*Salt Lake City v. Redwine,* 6 Utah 335, 23 Pac. 756; *Bonesteel v. Fairchild,* 9. Utah 371, 36 Pac. 633; *Emerick v. Ogden City,* 9 Utah 272, 36 Pac. 633; *Howell v. Clark,* 16 Utah 410, 52 Pac. 631; *Cook v. Railroad,* 7 Utah 416, 27 Pac. 5.) "As the statutory time is deemed jurisdictional, it is generally held that an express or implied consent of parties cannot validate an appeal taken beyond its termination. This is so because the statute is not for the benefit of the parties to the record alone, but for the public good and orderly administration of justice. In New York, however, the contrary is held and the appeal may be maintained." (2 Ency. Pl. and Pr., 244 and cases; *Moore v. Ellis,* 18 Mich. 77; *Swope v. Smith* [Okla.], 33 Pac. 504; *Dowell v. Caruthers,* 26 Kan. 720; *Klein v. St. Paul,* 35 Minn. 468; *Whitehead v. Cole,* 49 Mo. App. 428; *Robinson v. Walker,* 45 Mo. 117.) Even if the defect were not jurisdictional, there is nothing that shows a waiver by respondents. (*Hayes v. James,* 27 Pac. 894.)

### STATEMENT OF FACTS.

Plaintiff brought suit against defendant in the city court of Salt Lake City, Utah, to recover for an alleged breach of contract. The defendant answered, and, upon a trial being had, judgment was rendered in favor of plaintiff for the sum of $225. Defendant appealed to the district court of Salt Lake county. The papers on appeal were received by the clerk of the district court December 23, 1905. Defendant, however, failed to pay the fee required by law for filing the papers. The plaintiff, on January 23, 1906, more than thirty

days after they were received by the clerk, paid the fee and filed his motion to dismiss the appeal. The motion recites that the papers were not filed in the district court and the advance fee paid within thirty days after the transcript was received by the clerk, and that plaintiff paid the fee in order that the motion to dismiss might be made. On the same day that the motion to dismiss was filed, plaintiff served a copy thereof on defendant's attorney. After the filing of the motion, the payment of the advance fee by plaintiff, and receipt of copy of motion by defendant, the defendant's attorney, on the same day, paid, or left with the clerk, the filing fee. On January 26, 1906, plaintiff served on defendant's attorney and filed with the clerk a written notice that the motion to dismiss would be called up for hearing on February 3, 1906. Thereafter the motion to dismiss came on regularly to be heard on the date specified in the notice. After hearing the evidence offered and the arguments of counsel, the court sustained the motion to dismiss, and rendered judgment against defendant for costs. To reverse this judgment, defendant appeals.

McCARTY, C. J. (after making the foregoing statement of the case, delivered the opinion of the court).

Section 971, Revised Statutes 1898, so far as material here, provides that

"The county clerk . . . shall collect in advance for the use and benefit of the county the fees hereinafter enumerated. . . ."

Among the fees that the clerk is thus required to collect in advance are the following:

"For dismissal of an appeal from a justice's court when such dismissal is entered on the minutes of the court, two dollars and fifty cents." (Section 972, Rev. Stat. 1898.)

Section 3750, as amended in 1899, provides in part, that

"On motion an appeal may be dismissed for either of the following causes: (1) That it was not taken in time. (2) That the papers were not filed in the district court, and the advance fee required therefor was not paid within thirty days after the transcript was received by the clerk." (Chapter 50, p. 74, Sess. Laws, 1899.)

It is admitted that the papers were not filed in the district court and the advance fee paid within the time specified in the foregoing provision of the statute. But counsel for appellant insist that the payment of the advance fee by respondent, and the filing and service of his motion did not preclude appellant from paying the advance fee required by law and thereby maintaining his appeal, notwithstanding the time fixed by statute for the filing of the appeal papers had expired. It is argued that, appellant having tendered the advance fee required by statute to the clerk of the district court before respondent filed and served his notice that he would on a certain day call up for hearing the motion to dismiss the appeal, it was error for the court to dismiss the appeal. We think this position is untenable. The statute expressly provides that, on notice, appeals may be dismissed when the papers were not filed and the advance fee required therefor was not paid within thirty days after the transcript was received by the clerk. This provision of the statute was evidently intended to insure promptness in the filing of the papers in cases appealed in order that such cases may be brought to trial in the district court without unnecessary or unreasonable delay. If the rule contended for by appellant should obtain, the party appealing would have it in his power to either indefinitely postpone the trial of the case in the district court or force the respondent to file the papers in that court and pay the advance fee required by law, and thereby, in effect nullify the provisions of section 3750 under consideration.

Appellant's further contention that the payment by respondent of the advance fee when he filed his motion to dismiss was a voluntary payment on his part and a waiver of his right to have the appeal dismissed is entirely without merit. The law provides that this fee must be paid in advance and the clerk is prohibited from filing the papers in appeal cases until it is paid. Appellant having failed to file the papers with the clerk of the district court and pay the advance fee therefor, respondent, in order to get a hearing on his motion to dismiss, was compelled to pay the fee and have the papers

filed, therefore, we fail to see how a payment made under these circumstances can be construed to be a voluntary payment in the sense contended for by appellant, or a waiver of his right to have the appeal dismissed. For aught that appears in the record, the failure to file the papers and pay the advance fee in this case was due solely to the negligence of appellant, at least there is no adequate excuse offered as to why these things were not done within the time the law requires they shall be done. Under these circumstances, we do not think it was an abuse of discretion on the part of the court in dismissing the appeal.

The judgment is affirmed with costs.

STRAUP and FRICK, JJ., concur.