## BENSON v. RITCHIE, District Judge.

No. 4210.   Decided November 6, 1924.   (230 Pac. 572.)

1.   COURTS—APPELLEE, MOVING TO DISMISS APPEAL FROM CITY COURT
     FOR APPELLANT'S FAILURE TO PAY STATUTORY FEES, NEED NOT PAY
     SUCH FEES.  Under Comp. Laws 1917, § 2520, party moving to
     dismiss appeal from city, to district court, for appellant's
     failure to pay statutory fees provided for by sections 2520 and
     2521, where notice of appeal was served and transcript properly
     delivered to clerk, *held* entitled to ruling on his motion without
     paying such fees, since they are not collectable in advance on
     abortive appeals.

2.   MANDAMUS—APPLICANT FOR WRIT TO DISTRICT JUDGE NOT EN-
     TITLED TO COSTS.  Party applying for mandamus to compel dis-
     trict judge to rule on motion to dismiss appeal from city court
     cannot have costs.

See 15 C. J. p. 1007; 26 Cyc. p. 512.

Original proceedings for writ of mandamus by E. T. Ben-
son, directed against Morris L. Ritchie, Judge of the District
Court of Salt Lake County.

PEREMPTORY WRIT ISSUED.

*J. J. Whitaker,* of Salt Lake City, for plaintiff.

FRICK, J.

The plaintiff, upon notice duly given, made application
to this court for a peremptory writ of mandate, requiring
the defendant, as judge of the district court of Salt Lake
county, who hereinafter will be designated defendant, to
entertain and determine plaintiff's motion to dismiss the ap-
peal to which reference will hereinafter be made.

The conceded facts are:  That in an action pending in
the city court of Salt Lake City, wherein the plaintiff herein
was plaintiff and one Leslie E. Hancock was defendant, the
plaintiff, in May, 1924, obtained a judgment against said
Hancock for the sum of $224.20; that on the 12th day of

---

1 *Little* v. *Blank,* 31 Utah, 222, 87 P. 708.

June, 1924, said Hancock appealed from said judgment by filing with the clerk of the city court of Salt Lake City a notice of appeal as provided by our statute; that the record or papers on said appeal were duly transmitted and delivered to the clerk of the district court of Salt Lake county on the 18th day of June, 1924, and by said clerk indorsed as received; that Hancock, the appellant in the action aforesaid, failed and neglected to pay the fees required by Comp. Laws Utah 1917, § 2521, to be paid to the clerk of the district court for services rendered in cases which are appealed from justices' or city courts, the amount of which fees will be hereinafter more particularly referred to; that thereafter, on the 10th day of September, 1924, the plaintiff in the action aforesaid, who is plaintiff herein, filed a motion to dismiss said appeal, which motion was presented to the defendant herein for determination on the 20th day of September, 1924; that for reasons hereinafter appearing the defendant refused to act upon or determine said motion.

Upon substantially the foregoing facts the plaintiff asks this court to issue a peremptory writ of mandate requiring the defendant to determine said motion and to dismiss said appeal. The defendant filed an answer to the application in which he, in substance, states that the only reason why he has not determined plaintiff's motion to dismiss the appeal is that the fees for filing and docketing said appeal have not been paid to the clerk of the district court, as provided by Comp. Laws Utah 1917, § 2521, and a $5 reporter's fee as required by the statute, and that for that reason the appeal has not been filed and docketed in the district court; that there is no case pending in the district court, and therefore there is nothing for the defendant as judge of said court to act upon.

The question therefore is: Has the plaintiff a legal right to have his motion to dismiss the appeal determined and disposed of without the payment by him of the fees for filing and docketing the appeal aforesaid, and before the appeal is regularly docketed in the district court  In order to appeal a case from a city court, or from a justice court, in this

jurisdiction, all that is required is that the appellant file and serve a written notice of appeal within the time required by the statute.  The serving and filing of such a notice deprives the court below of jurisdiction of the case, and transfers the jurisdiction to the district court to which the case is appealed.  By virtue of Comp. Laws Utah 1917, §§ 2520, 2521, however, certain fees are required to be paid to the clerk of the district court to which the appeal is taken for filing and docketing the appeal, and, in view that section 2520 provides that the fees shall be paid in advance to the clerk for services rendered by him, he cannot legally file or docket the appeal before the filing and docketing fees are paid by the appellant.  Hancock having failed to pay said fees, the appeal here in question has not been filed nor has the case been docketed, and hence defendant insists that there is nothing before him to act upon.  If sections 2520 and 2521, and the provision which requires a $5 reporter's fee to be paid, were the only statutory provisions to be considered, there would no doubt be much force to defendant's contention.  There are, however, other provisions which, to our minds, are controlling here.  Comp. Laws Utah 1917, § 7520, relating to the jurisdiction of district courts over appeals and upon what grounds such appeals may be dismissed provides:

"No failure to comply with any provisions of law relating to appeals from justice's court to the district court, except a failure to serve and file a notice of appeal, shall defeat the jurisdiction of the district court over the case attempted to be appealed."

That section also provides:

"An appeal may be dismissed, on notice, in the discretion of the court, for either of the following causes:  1.  That the papers were not filed in the district court, and the advance fee required therefor was not paid, within 30 days after the transcript was received by the clerk"—that is, the clerk of the district court.

There are other reasons for which an appeal may be dismissed, which however are not material here.  As will be seen, section 2521, supra, does not in terms provide for any docketing fee.  It merely provides that the clerk of the district court shall collect a specified fee "for services per-

formed in an action appealed from a justice's court.''
There is another section which, however, also requires a $5
reporter's fee to be paid in each case in advance. It is,
therefore, the $5 fee provided for the services aforesaid and
the $5 reporter's fee for which demand is made by the clerk.
As before stated, the fees required to be paid on appeals
from justices' courts also apply to appeals from city courts.

It has been the uniform practice in this jurisdiction for
many years to collect the fees provided for in section 2521
and the reporter's fee before the appeal is filed and docketed.
As we have seen, however, section 7520, supra, provides that
in case the fee is not paid within 30 days after the tran-
script on appeal is received by the clerk of the district court
the appeal may be dismissed. In this case it is conceded
that the transcript on appeal had been received by the clerk
many months before the motion to dismiss the appeal was
made. The only question, therefore, is: Can the plaintiff
herein be required to pay the fee before he is entitled to have
the appeal dismissed?

The only reason advanced by defendant is that the clerk
is required to collect fees before performing services re-
quired of him. As we have pointed out, however, the fee
that the clerk of the district court may demand in advance
is ''for services performed in an action appealed from a
justice's court.'' That section clearly contemplates that an
appeal is perfected and finally determined in the district
court, and does not apply to a mere abortive attempt to ap-
peal, as in this case. Neither is it contemplated by that
section that the appellee shall be required to pay the fee.
Nor, as we read the statute, is it anywhere contemplated
that the appellee shall be required to pay the reporter's fee
before referred to. Why should he be penalized for the
failure or neglect of the appellant to pay the fees required
to be paid.

Then, again, section 7520, supra, in express terms, pro-
vides that the district court acquires jurisdiction by the
mere serving and filing of the notice of appeal. A failure to
comply with any other provision, it is expressly provided,

does not affect the jurisdiction of the district court. Would it not be somewhat anomalous to hold that although the court has jurisdiction, yet there is nothing before it to act upon unless the appeal is duly docketed by the clerk, notwithstanding the motion of appellant to dismiss the appeal, which motion is based upon the express provisions of the statute?

It is at least reasonably clear to the mind of the writer that the whole fee provided for in section 2521, supra, for services rendered by the clerk of the district court and the additional reporter's fee hereinbefore referred to, cannot be demanded in a case where, as here, the appeal is abortive and nothing is done by the appellant except to serve and file the notice of appeal, and to leave the papers with the clerk. The services contemplated by section 2521, supra, for which the fee is there provided, are not, and cannot be, rendered in such a case. Much less can any services of a reporter be rendered. The question therefore suggests itself: Must the clerk act on such a case without the payment of any fee?

A mere cursory reading of the provisions of section 2521, supra, supplies the answer. The very last sentence of that section provides that "for all services not herein enumerated, a reasonable compensation to be fixed by the judge of the district court" may be collected. An abortive appeal, therefore, clearly presents a case where no special fee is provided for by the statute, and hence the duty is imposed upon the district court to "fix a reasonable compensation" for the services. It certainly cannot require much time or effort upon the part of the clerk of the district court merely to enter in his docket the title of the case, and to state that the fees have not been paid and that a motion to dismiss the appeal has been filed, for the reason that the fees have not been paid and then make the further entry that the appeal has been dismissed, if such be the fact. It hardly requires more time or effort to make such an entry than it does to write what we have just said with regard to it. For such services the district court may no doubt fix a "reason-

able compensation" which he can require the party who moves to dismiss an abortive appeal to pay before the court acts on his motion to dismiss the appeal. That, it seems to us, however, is all that can be required from any one.

No doubt the plaintiff herein could have paid the whole fee demanded by the district clerk and thus could have compelled him to docket the case and then have filed a motion to dismiss the appeal. And that is precisely what the defendant insists the plaintiff must do before he can have his motion entertained. As we have seen, however, the statute imposes no such burden upon the plaintiff. We have also pointed out that the district court has not fixed a "reasonable compensation" for the services to be rendered by the clerk, in case of abortive appeals, as he may do and probably should do. Under the ruling of the defendant, an appellant may serve and file his notice of appeal and thus deprive the lower court of jurisdiction and prevent it from enforcing the judgment, and then he may, by refusing to take any further action, prevent the appellee from taking any further action in the premises until and unless he pays all the fees that should be paid by the appellant. Unless the statute in express terms requires the imposition of such a burden, it should not be imposed on an appellee who has already obtained a judgment and has thus established the fact that the appellant is in the wrong.

The question here presented was before this court in a somewhat different form in the case of *Little* v. *Blank*, 31 Utah, 222, 87 Pac. 708, where, in referring to the statute providing for the dismissal of appeals upon the grounds herein stated, the court said:

"The statute expressly provides that, on notice, appeals may be dismissed when the papers were not filed and the advance fee required therefor was not paid within 30 days after the transcript was received by the clerk. This provision of the statute was evidently intended to insure promptness in the filing of the papers in cases appealed, in order that such cases may be brought to trial in the district court without unnecessary or unreasonable delay. If the rule contended for by appellant should obtain, the party appealing would have it in his power to either indefinitely postpone the trial of the case in the district court or force the

respondent to file the papers in that court and pay the advance fee required by law, and thereby, in effect nullify the provisions of section 3750 under consideration."

Section 3750, there referred to, is now section 7520 of the 1917 compilation.

True, in that case the appellee paid the whole fee and then filed a motion to dismiss the appeal, because the appellant had failed to pay the same. The appellant then insisted that, inasmuch as the appellee had voluntarily paid the fee to the clerk, for that reason, he had perfected the appeal, and hence the district court had no right to dismiss the appeal. This court, as appears from the excerpt we have quoted, however, clearly intimated that the appellee could not be required to pay the advance fee. That, however, is precisely what is demanded here. We are clearly of the opinion that, inasmuch as the statute does not require the appellee to pay the fee, and in view that the district court has jurisdiction of the case by virtue of the service and filing of the notice of appeal in the city court, the defendant should have passed upon and determined and disposed of the motion to dismiss the appeal.

No doubt some discretion is vested in the district court for the reason that a motion to dismiss an appeal may be interposed on the thirty-first day after the papers have been received by the clerk, and it may be made to appear that while such is the fact there, nevertheless, is some good and legal cause why the fee was not paid strictly within the 30 days or that there is some other valid reason why the appeal should not be dismissed. We, however, can conceive of no legal reason in this case why the defendant should not entertain the motion, and if no legal reason is made to appear why the appeal should not be dismissed then grant the motion. It is therefore ordered that a peremptory writ issue, requiring the defendant as judge of the district court to entertain and dispose of the motion in accordance with the views herein expressed.

We remark, however, that if the defendant shall waive the issuance of such a writ upon being served with a

copy of this opinion such writ need not be issued or        2
served.

Under the repeated holdings of this court no costs can,
however, be allowed to the plaintiff in this proceeding, and
such is the order.

WEBER, C. J., and CHERRY, J., and WOOLLEY DIL-
WORTH, District Judge, concur.

THURMAN, J., did not participate.