## KYRIMES et al. v. KYRIMES et al.

No. 2672.   Decided September 17, 1914 (143 Pac. 232).

1. MANDAMUS—COURT PROCEEDINGS—DISMISSAL OF APPEAL.  Where a careful examination of the record fails to show that the District Court acted capriciously or arbitrarily in dismissing an appeal from the City Court because of the failure of the sureties on the appeal bond to justify at the time specified, or in refusing to reinstate the appeal on motion, the court's rulings are not subject to control or review by mandamus.  (Page 171.)

2. MANDAMUS—GROUNDS—RIGHT TO RELIEF—DUTY OF OFFICER.  Unless the right of a party aggrieved to have an officer act is clear and the duty of the officer is free from substantial doubt, the officer will not be coerced by mandamus.  (Page 171.)

3. MANDAMUS—ADEQUACY OF REMEDY BY APPEAL.  Mandamus will not issue to compel the District Court to reinstate an appeal from the City Court where the right to such reinstatement is not entirely clear, and the refusal of the court was not arbitrary or capricious; since there is an adequate remedy by appeal from the District Court's order.  (Page 171.)

4. MANDAMUS—ADEQUACY OF REMEDY BY APPEAL.  The fact that the District Court, upon dismissing an appeal from the City Court, returned the record to the City Court does not render the remedy by appeal from the District Court inadequate so as to authorize the issuance of mandamus, since the Supreme Court may order the City Court to certify the record for the hearing on such appeal.  (Page 172.)

Original application for writ of mandamus by John Kyrimes and another against Nick Kyrimes and another.

Alternative writ quashed and application dismissed.

*S. D. Huffaker* for plaintiffs.

*Geo. F. Wasson* for defendants.

FRICK, J.

On July 30, 1914, the plaintiffs herein made application to this court for an alternative writ of mandate against the defendants, and especially against Hon. C. W. Morse, Judge of the District Court of Salt Lake County, requiring said

court either to reinstate a certain appeal or show cause why it did not do so. Such a writ was issued in which said Judge was required to act in the premises as aforesaid or show cause why he refuses to do so. In their application for the writ plaintiffs, in substance, alleged that said Morse, as Judge of the District Court of Salt Lake County, without legal or any cause therefor, had dismissed a certain appeal taken by them from a judgment rendered against them by default in the City Court of Salt Lake City, and that he had refused to reinstate such appeal. The defendants appeared and filed an answer to the application, in which they have fully set forth the facts upon which the action of the District Court aforesaid was based.

On the hearing it was made to appear that a judgment had been duly entered against the plaintiffs in favor of the defendant Nick Kyrimes in the City Court of Salt Lake City; that in due time the plaintiffs appealed from said judgment to the District Court of Salt Lake County; that in taking said appeal plaintiffs executed an undertaking on appeal, with sureties in form as required by law; that within the time fixed by our statute the defendant Kyrimes filed his exceptions to the sufficiency of said sureties, and asked that they justify under the statute; that thereupon said plaintiffs served notice upon said defendant Kyrimes that the sureties would appear and justify as required by law on a day named in said notice; that on said day the sureties did appear for the purpose aforesaid, but did not appear in the department of the District Court of Salt Lake County in which the proceeding was pending; that on said day the defendant Kyrimes, by his counsel, also appeared in said court and in the department wherein the proceeding was pending, and, said sureties not appearing there, counsel for said defendant then moved the court to dismiss the appeal upon the ground, among others, that an undertaking on appeal as required by law had not been given in the case. The court, before acting on the motion, required defendant's counsel to serve notice of his motion to dismiss the appeal on opposing counsel. Such a notice was left at the office of the opposing counsel, but, for the reason that counsel

was absent from the city at the time, he did not actually
receive the notice aforesaid until after the court had granted
the motion to dismiss the appeal. Plaintiff's counsel then
moved to vacate the order or judgment dismissing the appeal
and to reinstate the same. The District Court refused to
grant the motion; hence this application for a writ of man-
date requiring it to reinstate the appeal.

We have a statute (Comp. Laws 1907, section 3750) which,
under certain conditions, authorizes the District Court to
dismiss an appeal. That section, so far as material here,
reads as follows:

"No failure to comply with any provision of the law
relating to appeals from justice's court to the District Court,
except a failure to serve and file notice of appeal, shall
defeat the jurisdiction of the District Court over the case
attempted to be appealed.

"On notice, an appeal shall be dismissed for the following
cause: That notice of appeal was not served and filed
within thirty days after notice of rendition of judgment;
provided, that the pendency of the motion for a new trial
shall not enlarge the time for appeal.

"An appeal may be dismissed, on notice, in the discretion
of the court, for either of the following causes:

"1. That the papers were not filed in the District Court,
and the advance fee required therefor was not paid.

"2. That the undertaking was not filed within five days
after the filing of the notice of appeal.

"3. That appellant failed to file a new and sufficient
undertaking when so ordered by the court."

Now, it is quite probable that the District Court acted
upon the assumption that, inasmuch as the plaintiffs herein
failed to have the sureties on the undertaking for an appeal
justify as required by our statute, such failure, in law, had
the same effect, so far as the defendant Kyrimes was con-
cerned, as though the plaintiffs had filed no undertaking on
appeal within the time required by law. Upon the other
hand, after the motion was made to vacate the order dis-
missing the appeal and to reinstate the same, the court may

have concluded that there was no sufficient showing made to authorize it to act in that behalf.

Under the statute we are also of the opinion that in passing upon the motion to dismiss the appeal, as well as in determining the motion to vacate the order or judgment dismissing the same, the District Court was authorized to exercise at least a reasonable discretion. In order to have the whole record of the proceedings below before us at the hearing, upon the defendant's request, we had the same certified up. After a careful examination of the whole record, we can find nothing from which it is made to appear that the District Court acted capriciously or arbitrarily either in dismissing the appeal or in refusing to grant plaintiff's motion to reinstate the same. The court's rulings upon those matters are, therefore, not subject to review or control by *mandamus.* High on Extraordinary Legal Remedies (3d Ed.) section 156.

Again, we have in the past too often held, to require us to refer to the matter again at length, that unless the right of the party aggrieved to have the officer act is clear, and the duty of such officer to do the thing required of him is free from substantial doubt, the officer will not be coerced by *mandamus.* See *National, etc., Co.* v. *Mattson,* 45 Utah 155; 143 Pac. 223, decided at this term, and cases there cited.

There is, however, still another reason why in this case *mandamus* is not the proper remedy. The plaintiffs have an adequate legal remedy by appeal to correct any error the District Court may have committed in dismissing the appeal and in refusing to vacate that order and to reinstate the appeal. Mr. High, in his excellent work on Extraordinary Legal Remedies (3d Ed.) section 15, in referring to when the remedy by *mandamus* is proper, states the rule thus:

"From the origin, nature, and purpose of the writ, as thus far discussed, it has been shown to be an extraordinary remedy, applicable only in cases where the usual and accustomed modes of procedure and forms of remedy are powerless to afford relief. It follows, therefore, from the principles already established, as well as from the

very nature and purpose of the remedy itself, that the writ never lies when the party aggrieved has another adequate remedy at law, by action or otherwise, through which he may attain the same result which he seeks by mandamus. This principle is of the highest importance in all cases where it is necessary to determine upon the propriety of interference by mandamus, and the rule will be found to be firmly established as one of the fundamental principles underlying the entire jurisdiction, that the existence of another specific, legal remedy, fully adequate to afford redress to the party aggrieved, presents a complete bar to relief by the extraordinary aid of mandamus. The rule has been recognized from the earliest times, and it has been applied throughout the entire growth and development of the law of mandamus. * * * The existence or nonexistence of an adequate and specific remedy at law in the ordinary forms of legal procedure is therefore one of the first questions to be determined in all applications for the writ of mandamus, and whenever it is found that such a remedy exists, and that it is open to the party aggrieved, the courts uniformly refuse to interfere by the exercise of their extraordinary jurisdiction."

The foregoing text is supported by practically all the authorities. See, also, section 10, same work, and Merrill on *Mandamus*, sections 10, 209.

Counsel for plaintiffs, however, suggest that an appeal from the judgment of the District Court dismissing the appeal cannot be made effective, for the reason that the records and files certified up from the City Court to the District Court were all returned to the former court when the appeal was dismissed. But the fact that the records and files have been returned to the City Court is no reason why an appeal cannot be perfected to this court. All that is necessary for counsel to do is to serve a proper notice of appeal and execute and file an appeal bond as required by our statute. If it then becomes necessary to have the record certified up from the City Court to this court, such can be done upon application precisely as was done in this proceeding upon the application of defendants' counsel. There is, therefore, nothing in the way to make an appeal to this court effective. What the result of such an appeal may be, of course, cannot be determined at this time.

By what we have said, or omitted to say, we do not wish to be understood as holding that a writ of mandate will be

denied in every case simply because there may be a remedy by appeal. There may be cases where the right to the thing prayed for is so clear and the duty to grant it is so free from substantial doubt, or the refusal to act so capricious or arbitrary that it will require the enforcement of the right upon the one hand and the duty upon the other by *mandamus,* although the right to an appeal may also exist. Such is, however, not the case here, for the reasons already pointed out.

We have gone into the subject again, for the sole reason that there still seems to be some confusion in the minds of some attorneys who appear in this court with respect to when *mandamus* is the proper remedy.

For the reasons stated, the alternative writ is quashed, and the application is dismissed, at plaintiff's costs.

McCARTY, C. J., and STRAUP, J., concur.