## BANKERS' COMMERCIAL SECURITY CO. v. DISTRICT COURT OF BOX ELDER COUNTY.

No. 3836.   Decided October 4, 1922.   Rehearing denied January 3, 1923.   (211 Pac. 187.)

1. MANDAMUS—ON DEMURRER, ALLEGATIONS OF PETITION MUST BE ACCEPTED AS TRUE. In mandamus proceedings, where defendant has demurred to the petition and the matter is submitted on that state of the record, the allegations of the petition must be accepted as true.

2. MANDAMUS—COURT WILL NOT BE COERCED UNLESS RIGHT OF AGGRIEVED PARTY FREE FROM DOUBT AND DUTY OF COURT CLEAR. On mandamus proceedings directed against a court, the court will not be coerced to act, unless the right of the aggrieved party is free from doubt and the duty of the court clear and free from substantial question.[1]

---

[1] *Kyrimes* v. *Kyrimes*, 45 Utah, 168, 143 Pac. 232.

3. MANDAMUS—WILL NOT LIE WHERE AGGRIEVED PARTY HAS ADEQUATE AND COMPLETE REMEDY BY APPEAL. Where the party aggrieved has an adequate and complete remedy by appeal, mandamus will not issue.[2]

4. REPLEVIN—EXTENT OF JURISDICTION OF COURT AFTER SEIZURE, WHERE NO COMPLAINT FILED, STATED. Where a motor truck was seized in claim and delivery after plaintiff had caused summons to issue with affidavit, written demand on the sheriff and the statutory undertaking, the sheriff making return under Comp. Laws 1917, § 6681, but plaintiff failed to file complaint, the court had authority to put the parties in status quo by dismissing the action on defendant's motion and directing a restoration of the property, or a delivery of the bond to defendant, and to consider what relief, if any, should be given him.

5. MANDAMUS—PLAINTIFF HELD TO HAVE SPEEDY AND ADEQUATE REMEDY BY APPEAL AS AGAINST JUDGMENT FOR DEFENDANT IN CLAIM AND DELIVERY. Where property was seized in claim and delivery, but plaintiff failed to file a complaint, whereupon the court entered judgment for the return of the property or its value, and denied plaintiff's petition to vacate the findings of fact, conclusions of law, and judgment, and to strike summons and certificate of service, plaintiff had a speedy and adequate remedy by appeal, and mandamus would not lie.

6. MANDAMUS—RIGHT TO VACATION OF JUDGMENT AND FINDINGS AND STRIKING SUMMONS AND CERTIFICATE OF SERVICE HELD NOT SO CLEAR AS TO JUSTIFY MANDAMUS. Where property was seized in claim and delivery, but plaintiff had failed to file complaint, and the court entered judgment for a return of the property or its value to defendant, and denied plaintiff's petition to vacate the findings of fact, conclusions of law, and judgment, and to strike the summons and certificate of service, and plaintiff brought original proceedings in mandamus to compel the trial court to do said acts, the duty of the court was not so clear and undoubted as to entitle plaintiff to a writ.

Original proceedings in mandamus by the Bankers' Commercial Security Company against the District Court of Box Elder County.

[2] State v. Booth, 21 Utah, 88, 59 Pac. 553; State ex rel. Barnes v. Court, 36 Utah, 396, 104 Pac. 282; Kyrimes v. Kyrimes, 45 Utah, 168, 143 Pac. 232.

WRIT DENIED.

*D. A. Skeen* and *Richards & Mitchell,* both of Salt Lake, for plaintiff.

*H. C. Allen,* of Salt Lake City, for defendant.

GIDEON, J.

This is an original proceeding instituted in this court, asking for a writ of mandate against the district court of Box Elder county, directing that court to set aside and hold for naught findings of fact, conclusions of law and judgment, as well as to strike from the files of said court the summons and return and certificate of service thereof in two actions in which the plaintiff here, Bankers' Commercial Security Company, was plaintiff, and Nephi Bott and LeRoy Bott, respectively, were defendants. In presenting the matter plaintiff has based its argument upon the facts appearing in the action against Nephi Bott, but our conclusions will be directed to the court in both cases, as the facts are admittedly the same.

The defendant court has demurred to the petition, and the matter is submitted on that state of the record for our decision. The allegations of the petition must therefore be accepted as true. It appears from the petition that the plaintiff on July 1, 1921, issued and caused to be served on Nephi Bott a copy of summons, also affidavit in the usual form on claim and delivery of personal property, together with a written demand upon the sheriff that he take into his possession the property described in the affidavit, to wit, a motor truck. At the same time there was delivered to the sheriff an undertaking on claim and delivery, such as required by the statute. The return of the sheriff upon the summons is dated July 9, 1921. On the 21st of that month the sheriff filed in the office of the clerk of the district court of Box Elder county a return of his proceedings under the affidavit, undertaking, and order, from which it is made to appear that the sheriff, on July 2, 1921, took into his posses-

604      SUPREME COURT OF UTAH      [Sept.

Bankers' C. S. Co. v. Dist. Ct., 60 Utah 601

sion the motor truck. The defendant Bott not requiring a return of the property, and no one else making claim for the same, the sheriff, on July 8, 1921, delivered the property to the plaintiff. The summons and the certificate of service were never returned by the sheriff to the persons whose names were subscribed thereto, to wit, the attorneys for plaintiff, but were left with and filed by the clerk of the court on July 21, 1921. No complaint was filed with the clerk of the court by the plaintiff within the 10 days after service or at any time, and no answer was made or filed in the action by defendant.

On the 27th day of July, 1921, the defendant in that action filed with the clerk of the court of Box Elder county and served upon the attorney for plaintiff notice of motion that he would, on August 15th, move for a dismissal of the action instituted by plaintiff, and for an order directing the clerk of the court to turn over to him the $4,000 bond furnished at the time the sheriff was ordered to take the motor truck, and for costs and such other and further orders as defendant was entitled to in good conscience and equity. The notice also advised plaintiff that the motion would be made upon the files and records in the case and upon oral evidence to be offered at the time of the hearing. The hearing was continued from the date specified in the motion until the 12th day of September; that being the opening date of the term of court in that county.

Attached to the motion was an affidavit on the part of defendant Bott, setting out that summons had been served upon him on June 30, 1921; that the summons stated the complaint would be filed with the clerk of the court within 10 days after service; that the plaintiff in that action had instructed the sheriff, both orally and in writing, to take from the defendant the said motor truck, and gave to the sheriff a bond in the sum of $4,000 as appears from the return of the sheriff, made upon the affidavit and the bond in the claim and delivery action; that the plaintiff had failed to file the complaint, and refused to file one or to pay the clerk of the court the filing fee, although requested to do so. The affidavit further stated

that defendant was the owner of the truck, and had paid thereon the sum of $3,000; that an adjustment had been made with the plaintiff whereby he was to retain the possession of the motor truck and pay in addition, as a final settlement, a sum mentioned in the affidavit.

On September 12th, a minute entry was made in the records of the court, ordering that said action be dismissed. It was further ordered that the sheriff deliver the $4,000 bond to the party entitled to said bond. Thereafter, on September 22, 1921, the court, based upon the testimony heard upon the hearing of the motion of September 12th, made and filed its fiidings of fact, conclusions of law, and entered judgment for the return of the property to the defendant, or, in the event its return could not be obtained, that judgment be entered in favor of defendant for its value. On March 1, 1922, the plaintiff in that action, plaintiff here, served on the defendant Bott and filed with the clerk of the court its petition, praying that the findings of fact, conclusions of law, and judgment entered on September 22d be vacated, set aside and held for naught, and that the summons and certificate of service should be stricken from the files of the court. The hearing on that motion was continued, and finally came on for hearing on April 10, 1922, and was by the court denied on April 12, 1922.

The relief sought by this proceeding is for a writ of mandate, directing the district court to set aside and annul the judgment of September 22, 1921. It is the contention of plaintiff that the order and judgment is of no effect and void, by reason of the fact that the court had no jurisdiction of the parties to the action or subject-matter, and that no pleadings were on file to support any judgment at the time such judgment was entered. It is also argued that under section 6864, Comp. Laws Utah 1917, the defendant must make special claim or demand for a return of the property; otherwise no judgment can be entered for its value.

In its final analysis, the question for determination in this proceeding is, Is the right of the aggrieved party so free from doubt and the duty of the officer so clear and

free from any substantial question that an order should
be issued by this court, directing the performance of the act
sought on the part of plaintiff?

The second headnote in *Kyrimes et al.* v. *Kyrimes,* 45 Utah,
168, 143 Pac. 232, which reflects the opinion of the court, is
as follows:

"Unless the right of a party aggrieved to have an officer act is
clear and the duty of the officer is free 'from substantial doubt, the
officer will not be coerced by mandamus."

This court is also committed to the rule that where the
party aggrieved has an adequate and complete remedy
by appeal mandamus will not issue. *State* v. *Booth,* 21
Utah, 88, 59 Pac. 553; *State ex rel. Barnes* v. *Court,* 36
Utah, 396, 104 Pac. 282; *Kyrimes et al.* v. *Kyrimes,* supra.  It
is necessary, therefore, to consider briefly the rights of the
parties, and the duty of the court to act, as the same appear
from the facts set forth in the petition.

From the petition it appears that plaintiff instituted an ac-
tion to recover possession of personal property, filed the neces-
sary undertaking and affidavit, and by written directions re-
quired the sheriff of Box Elder county to take the property
from the possession of defendant.  Prima facie the defendant
was entitled to possession of the property; it being admittedly
then in his possession.  Subsequent to the taking, the prop-
erty was delivered to plaintiff.  No further action or proceed-
ing was had on the part of the plaintiff, no complaint was
filed, and the matter remained in that status until the de-
fendant filed his motion on July 27th, to which was attached
the affidavit above referred to.  Under that state of the rec-
ord, was the court without authority or power to make any
order respecting the rights of the parties to the property in
question?  We think not.  The authorities usually hold that
failure of the plaintiff to establish his right to the property
in question in claim and delivery actions, where the property
has been taken from defendant's possession, will entitle de-
fendant to judgment to have the property returned.  Neglect
to prosecute, either by a dismissal of the action after it has
been filed, by abandonment, or by any failure to proceed, of

necessity deprives the parties of any opportunity to test the title to the property in that proceeding. In other words, it is a confession on the part of the plaintiff that he has taken possession of the defendant's property without any adjudication giving him the right of possession. The defendant had no opportunity to claim a redelivery of the property by answer or other pleadings. The plaintiff, by failure to file a complaint, left defendant without pleadings on which to make an issue of title or the right of possession. By section 6681, Comp. Laws Utah 1917, the sheriff is required to file the notice, undertaking, and affidavit, with a return of his proceedings thereon, with the clerk of the court in which the action is pending within 20 days after taking the property mentioned in the affidavit. The court was therefore, by such return of the sheriff, advised of what the officer had done under the writ, and that defendant had been deprived of possession of his property without any legal determination of his rights, and that plaintiff was in possession of the property. The court had undoubted authority to dismiss the action on motion of the defendant and to direct a delivery of the bond to the defendant in that action. The court was further called upon, in determining the rights of the defendant and its power and duty under the state of the record, to consider and determine what relief, if any, could or should be given the defendant.

In *Fleet* v. *Lockwood*, 17 Conn. at page 239, the Supreme Court of that state, in considering the rights of defendant in a replevin action involving the title to personal property, in a case where the complaint had been dismissed for irregularities, said:

"It is claimed, in the first place, that the title to the property was not in question on the pleadings; and that, therefore, the judgment of return is not within the issue formed. It is a sufficient answer, that by reason of the irregularity in the issuing of the writ of replevin, and that owing to the fault of the plaintiff, of which it was the right of the defendant to take advantage by plea in abatement, the cause had not reached that stage where the question of title could be presented or tried. And it is because, by reason of this fault of the plaintiff, the title could not be tried, on ac-

count of the abatement of the writ, that he had precluded himself from establishing his title, and therefore failed to make his title good, as the statute required. It would be singular indeed, that where a trial of the merits of an action is prevented, by a defect or irregularity in the process occasioned by a fault of the plaintiff, he should be placed in the same condition as he would have been if the process had been in all respects regular, and there had been a trial of the merits and a decision in his favor, or that the defendant should lose the benefit which he might have had of a trial on the merits, and a decision in his favor on such trial, by interposing, as he had a right to do, an exception in limine to the validity of the process. When the process is set aside for such a cause, justice requires that the parties should be placed in statu quo, which can be done only by returning to the defendant the property replevied, and putting the plaintiff to a new writ of replevin."

The Supreme Court of North Carolina, in discussing a similar question to that presented by this petition, in *Manix v. Howard*, 82 N. C. at page 128, says:

"We conclude, therefore, that the plaintiff omitted altogether to file a complaint on which the defendant might make issue and have the right of property settled by a jury. And in that case what course was open to the parties respectively to take? Could the plaintiff elect to dismiss or discontinue the action, or neglect to proceed to issue, and by this means force the defendant to sue him in a separate action, or to submit to be kept out of the possession indefinitely? or did the defendant in such contingencies have the right to be put back into the possession by orders in the cause?

"The proper proceeding to be had in the state of things which occurred in the court below is not specifically pointed out in the Code of Civil Procedure (and we could not expect it to go into all the details of practice). But it seems to us, a judgment for the defendant for restitution of the property, if to be had, and if not, for its value, was just in itself, and the only course that could be adopted to prevent the plaintiff from using the process of the law for his personal advantage merely, instead of as a means of due and orderly assertion of his right by a trial thereon.

"It is settled that whenever a party is deprived of the possession of property by the process of the law in proceedings adjudged void, an order for restitution will be made as a part of the judgment. *Perry v. Tuper*, 70 N. C. 538; *Dulin v. Howard*, 66 N. C. 433. Upon the same reason, if a plaintiff, in the action of claim and delivery, in which action both parties are actors, procured property to be taken out of the hands of the defendant and put into his possession and then dismiss his action, it ought to be a part of the judgment to put the parties in statu quo.

"Such a course of proceeding seems to be necessary, otherwise the plaintiff, under color of legal process, will perpetrate a fraud on the law and be allowed to keep property, the title to which was prima facie in the defendant from which it was taken at the beginning of the suit."

See, also, the following authorities: *Ormsbee* v. *Davis,* 16 Conn. 567; *Vose* v. *Muller,* 48 Neb. 602, 67 N. W. 598; *Persse* v. *Watrous,* 30 Conn. 139; *Barrett* v. *Forrester,* 1 Johns. Cas. (N. Y.) 247; *McCrory* v. *Hamilton,* 39 Ill. App. 490; *Marshall* v. *Bunker,* 40 Iowa, 121; *Thomas* v. *Price,* 88 Ga. 533, 15 S. E. 11; *Aultman, Miller & Co.* v. *Becker,* 10 S. D. 58, 71 N. W. 753; 34 Cyc. 1510, 1514-1515.

Without attempting to determine the rights of the parties on appeal from the judgment, we are of the opinion that plaintiff had a speedy and adequate remedy by    **5, 6** appeal; that the duty of the officer, to wit, the court, to act and grant the relief asked by the plaintiff is not so clear and undoubted as to entitle the plaintiff to the extraordinary writ of mandamus.

The writ is denied, at plaintiff's cost.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.

### On Application for Rehearing.

GIDEON, J.  In a petition for rehearing the plaintiff strenuously insists that this court erred in its opinion in holding that the district court had jurisdiction to make any order or enter any judgment in the proceeding sought to be annulled. It is insisted that we at least inferentially held that the order or judgment entered by the district court is determinative of the rights of the parties to the property in controversy.

By anything that is said in the opinion we did not intend to hold that the district court had jurisdiction to determine the ownership of the automobile in question. Furthermore, we do not think that a fair interpretation of what is said therein warrants such a conclusion. However, in order that there may be no doubt as to what this court's judgment is as

to the power or authority of the trial court under the facts appearing in this record, we now state that in our judgment that court did not have jurisdiction to determine the ownership of the property in question or its value, or to enter judgment for the value of such property. We are of the opinion, however, that it did have jurisdiction and authority to enter a judgment directing that the plaintiff restore the property to the defendant Bott; in other words, to put the parties in *status quo*. The plaintiff had invoked the machinery of the court to take from Bott property of which he was in possession, and prima facie at least, entitled to possession. By failure to proceed and file a complaint plaintiff deprived him of any opportunity to have determined either the ownership or right to possession. In addition to the authorities cited in the original opinion supporting these views, see *Collamer* v. *Page*, 35 Vt. star page 387.

Petition for rehearing denied.

WEBER, C. J., and THURMAN and FRICK, JJ., concur.