485 P.2d 664

**E. Penn SMITH, Plaintiff and Appellant,**

v.

**Fred W. ROYER and Western Surety Company, Defendants and Respondents.**

**No. 12243.**

Supreme Court of Utah.

May 28, 1971.

---

1. Secs. 30–3–1 and 30–3–2, Utah Code Annotated 1953.

Michael W. Park, of Burns & Park, Cedar City, for appellant.

Roger F. Cutler, of Davis & Cutler, Salt Lake City, for respondents.

ELLETT, Justice:

E. Penn Smith appeals from the ruling of the trial court in granting a summary judgment against him and denying his own motion for summary judgment. The facts as he claims them to be are as follows:·

On July 27, 1965, Austin B. Smith, individually or as president of Gold Bar Resources, a corporation, leased from him certain lands and pursuant to the lease agreement did on September 16, 1966, give him possession of a certain automobile as a credit on the lease payments due. Austin B. Smith at the time told E. Penn Smith that he could have the use of the car, and as soon as it was paid for, title thereto would be transferred to him.

Austin B. Smith filed his affidavit wherein he claims that he loaned the use of the automobile to E. Penn Smith under a promise to return it upon demand.

The other facts are not in dispute:

1. On September 16, 1966, the title to the car was in Intermountain Gas and Oil Company, a corporation, of which Austin B. Smth was president.

2. Subsequently, Austin B. Smith and Gold Bar Resources gave up their lease on the lands owned by E. Penn Smith.

3. E. Penn Smith had possession of the car from September 16, 1966, until January 24, 1968, when it was replevied by one Fred W. Royer.

4. Sometime prior to January 24, 1968, the Intermountain Gas and Oil Company assigned to Fred W. Royer the right to repossess the car and to recover damages for wrongful detention.

5. Fred W. Royer demanded possession of the car and, upon failure of E. Penn Smith to surrender it, brought an action in replevin; and in order to secure the immediate possession of said car, he filed a bond written by the Western Surety Company.

6. On October 10, 1968, the trial judge quashed the writ of replevin, and the action thereafter was voluntarily dismissed.

7. E. Penn Smith made no request at the time the action was dismissed nor at any other time for return of the car.

8. The present action was begun by filing a complaint on November 5, 1968, wherein E. Penn Smith prayed " * * * the court to find that defendants and each of them have not met the conditions of said bond and that said bond be forfeited to the plaintiff herein, * * * "

The only disputed issue in the facts of this case is whether or not E. Penn Smith took possession of the car as a payment on his lease with Austin B. Smith or Gold Bar Resources as he claims, or as a loan from Austin B. Smith. Apparently the trial court thought the issue was immaterial, otherwise he could not have ruled as he did.

Let us consider the various aspects of this case.

When the replevin action was terminated, E. Penn Smith could have moved for a return of the car. That action was brought to determine rights to

possession, and that was where the matter should have been determined—not in a subsequent action on the bond. See Bankers' Commercial Security Co. v. District Court, 60 Utah 601, 211 P. 187.

The case of Smallwood v. Norton, 20 Me. 83, 37 Am.Dec. 39, was an action by plaintiff, who had been a defendant in a prior replevin action, against his attorneys in the replevin matter for negligently failing to move for a return of the replevied property upon a voluntary dismissal of that action. The court there said:

> When the plaintiff in replevin became nonsuit, it was their duty to see that the writ was put on file, that the record might be duly made up. They should also have moved for judgment for a return of the property replevied. Without such a motion, no such judgment can be entered in cases of nonsuit, nor would in such case a failure to return be a breach of the replevin bond.
>
> *     *     *     *     *     *

Another case discussing this matter is that of Kentucky Land and Immigration Co. v. Crabtree, 118 Ky. 395, 80 S.W. 1161 (1904). There in a prior proceeding the plaintiff in a replevin action dismissed the case after obtaining possession of some logs. In the action against the plaintiff and its bondsmen in the replevin matter, Crabtree sought damages alleged to have been sustained as a result of the wrongful taking of his logs. The court said:

> *   *   *   The appellee, in his petition, does not allege any breach of the bond except a failure to return to him the logs or pay him the value thereof, and it is shown by the order of the court in that action that the court did not adjudge that the appellant should do either of these things, and under the pleadings as they exist he is not entitled to recover in this action. *   *   *

See Rosen v. U. S. Rubber Co., 268 Mass. 403, 167 N.E. 655 (1929); also cases cited in annotations in 2 A.L.R. at page 200 and 65 A.L.R. at page 1302.

Rule 64B(c), U.R.C.P., requires the bond to contain a provision that the action will be prosecuted. Although the bond as written does not contain any such provision, we will read that provision into it, inasmuch as the bond was given in compliance with the rule. We cannot tell from the record before us why the writ was quashed, and in any event there is no claim made here that the replevin action was not prosecuted with diligence.

It would thus seem that the action on the bond in the instant case cannot be sustained, since the surety is bound by the terms of its bond only if the principal fails to return the property replevied *if return thereof be adjudged*, etc. Since there has as yet been no adjudication that the automobile should be returned to E. Penn Smith, the terms of the bond have not been violated.

■ The appellant herein sues for forfeiture of the bond. He would only be entitled to such damages as he sustained, not exceeding the face of the bond, even if he were entitled to recover. In no event could he collect the amount of the bond as a penalty.

Whether his possession of the automobile came about as he claims or as claimed by Austin B. Smith, the appellant had no right to keep it after demand for its return was made by the owner thereof. Certainly if it was a loan subject to the will of the owner, he should surrender it on demand. If it were given to him by Austin B. Smith as payment on a personal debt, then he would have no right to keep it because the president of a corporation has no authority to use the assets of the corporation to pay for personal obligations.[1]

■ There is something to be said about the position of Fred W. Royer in the replevin case. He does business as "Royer Management Service" and perhaps is qualified as a collection agent pursuant to Title 12, Chapter 1, U.C.A.1953. If he is, he may maintain an action in his own name to collect accounts, bills, or other indebtedness which have been assigned to him for collection.

In the instant matter he did not undertake to collect an account, a bill, or an indebtedness, but rather to sue in his own name where the legal owner of the car had transferred, set over, and assigned to him all right, title, and interest to repossess the car and to collect damages accruing thereto by reason of its wrongful detention. His right to sue in his own name on bills and accounts does not necessarily enable him to bring actions in his own name for the recovery of chattels in replevin actions for the benefit of others. However, his standing as the real party in interest in the replevin action was not raised below, and, therefore, it was waived.[2]

■ Where a party obtains possession of property by a replevin action and then violates some provision of the bond, he would be liable only for nominal damages at most if in fact he had the right to possession at the time the property was taken.[3] It thus appears that even if E. Penn Smith could ultimately have a cause of action for the aborted replevin action, he could at most recover only nominal damages.

The trial court was correct in denying appellant's motion for a summary judgment, and we think substantial justice was done the parties by granting the motion of the defendants for summary judgment.

1. 19 Am.Jur.2d, Corporations, Secs. 1224, 1235.

2. Fritz v. Western Union Tel. Co., 25 Utah. 263, 280, 71 P. 209.

3. Restatement of Torts, Second, Sec. 272.

88

The ruling of the trial court is, therefore, affirmed. Each party will bear its own costs incurred on this appeal.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.