PERSHING ET AL. v. WOLFE ET AL.

1. APPEAL BONDS ARE AMENDABLE.
Bonds given on appeal to this court are amendable, whether the defect be in form or in substance.
2. JURISDICTION—MISRECITAL IN APPEAL BOND.
An appeal was prayed and allowed to this court on condition that appellants file an appeal bond in a specified time and designated amount. The bond was filed and approved, the record was lodged here and the cause submitted by the parties and determined by the court. *Held,* that there was no failure of jurisdiction by reason of the mere fact that it was recited in the appeal bond that the appellants had prayed for and obtained an appeal to the supreme court.

*On Motion to Recall Remittitur.*

Mr. CLAY B. WHITFORD, Mr. H. A. LINDSLEY and Messrs. SULLIVAN & MAY, for the motion.

Mr. W. HENRY SMITH, Mr. D. P. HOWARD, Mr. J. H. PERSHING and Messrs. BICKSLER & MCLEAN, opposing.

PER CURIAM. The appellees have filed an unusual motion, for which we are unable to find any exact precedents. The industry of counsel have called none to our attention, nor have our own researches resulted in finding one even

analogous to it. According to the record, by which we must be governed, the case was brought here by an appeal prayed in February, 1894. The appeal was to the court of appeals. It was allowed on condition that the appellants file a bond in a specified time and designated amount. This proceeding is indirectly attacked by an affidavit filed with this motion, whereby the parties seek to make it appear that there is some question about the court to which the appeal was taken, whether to this or the supreme court, and that there were some irregularities in the ultimate progress of the case. We are not concerned with these matters. The record binds us. It shows the appeal was prayed to this court, conditioned only on the performance of those things which the order prescribed. Those things were done. The bond was filed and approved by the proper officer, and the case reached this court regularly. The only questionable matter will be later referred to. The case came here and proceeded under the rules and the statute to a final judgment, which was a reversal on June 10, 1895. 6 Colo. App. 410. The appellee was here, filed her briefs, and presented her cause by counsel, and in the meantime made no objection to the regularity of the appeal as prosecuted. Being defeated, she took an appeal to the supreme court, which was dismissed for want of jurisdiction, and the cause was remitted here November 16, 1895. Two days afterwards the case was remanded to the district court from whence it came, which was directed to further proceed with the case in conformity with our opinion. After all this is done, and the term had gone by, on the 7th of March the appellees file a motion requesting this court to recall the remittitur, presumably for the purpose of moving thereafter to dismiss because the appeal was not regularly prosecuted. This motion ought not to be sustained. In the first place, the only assigned reason which we can consider is based on the recital of the bond which the parties executed to perfect the appeal to this court. As already stated, the appeal was prayed here, and on the 9th of February, in apt time, the principal filed a

bond, with sureties, in the designated sum, with appropriate conditions, which recited the judgment and all requisite matters to make the bond regular, save this clause, " from its decrees, etc., the said Martha R. Pershing et al. have prayed for and obtained an appeal to the supreme court, etc." It is the irregularity of this recital respecting the court to which the appeal was taken which is the basis of this motion. Whatever it and the affidavit contain other than this we are compelled to disregard because the record under the seal of the court is otherwise certified to us. The naked question, then, remains whether, because of this irregularity, the court failed to obtain jurisdiction, and its proceedings were so irregular as to render them null, and compel us to undo the action which was taken. We cannot so conclude. Grave doubts might arise whether, after the term had passed, we were not powerless to recall our remittitur. By delaying action until after the term, this court may have been deprived of any further jurisdiction over the case, and when it was remanded to the district court that court obtained jurisdiction, and how it could be divested, or how it could be resumed, by this tribunal, without statutory authority for the purpose, is very far from being clear.

Aside from this question, we do not regard the defect as so fundamental and serious as to destroy the rights which have been acquired under the judgment. It is doubtful whether the recital would in any wise affect the validity of the bond. At most it would be a formal defect. The bond is regular in all of its parts; the judgment is properly described; the parties are named; the amount is sufficient; the execution is proper. It was filed within the time fixed by the order of the court; and, beyond all this, the bond itself was approved by the clerk of the district court, on whom was laid the duty to approve this class of bonds. We are not at all clear the error in the recital affected the validity of the instrument or destroyed its effect for any purpose. At all events, it is very plain, under section 388 of our code, this court possesses full power on application to cause bonds

to be amended, whether the alleged defect is one of form or one of substance. This power has been exercised by the supreme court, and is held to exist not only under the statute, but under the general practice of appellate courts. *Robertson v. O'Reilly*, 14 Colo. 441; *Wheeler v. Kuhns*, 9 Colo. 196; *Williams v. Williams*, 19 Colo. 19. While two of the cases undoubtedly relate to the matter of bonds where appeals are taken from the county to the district courts, the latter concerns the power of the court to order a new bond where the old one has become insufficient by reason of the insolvency of the sureties. In exercising the power the court very broadly asserted it to extend to amendments, not only in matters of form, but in matters of substance. Manifestly, under this doctrine, on application of the appellees, this court would have had ample power to cause a new bond to be executed, or the old one corrected, by the elimination of the objectionable phrase and the insertion of a proper recital. It was not a matter of substance. It was a defect remediable under the statute; and, if the appellees deemed themselves prejudiced, they were only required to call the court's attention to the matter.

Some authorities have been cited on the subject of waiver, which are sought to be applied on the theory that the appellees were not advised regarding the misrecital in the bond and the form in which the order was entered. This is not a case for the application of this doctrine. The appellees and their attorneys were advised about it, and had full knowledge of it. Parties to a suit are presumed to know all orders that are made, and counsel are assumed to examine all orders and papers filed, and to have absolute and accurate knowledge concerning them. Neither parties nor counsel can sit idly by and say they were without information respecting a paper filed in a suit. They are charged with knowledge, and the doctrine of waiver is inapplicable. It most undoubtedly bound the appellees and their attorneys. We are clearly of the opinion the parties are without the right to ask the court to recall the remittitur that a motion may be

made to attack the judgment, which is adverse to their contentions.   This motion will be accordingly denied.

*Motion denied.*