P. A. TURNER ET AL. V. SOUTHERN PINE LUMBER COMPANY.

Decided June 9, 1897.

**Appeal Bond—Wrong Court.**
A bond on appeal from Justice Court, which described appellants as "wishing to appeal to the Texarkana Civil and Criminal Court" (a tribunal afterwards held to be unconstitutional), and bound the signers to satisfy the judgment rendered "on such appeal," was not good for an appeal to the County Court.

APPEAL from Bowie. Tried below before Hon. JOHN J. KING.

*P. A. Turner,* for appellants.

*F. M. Ball,* for appellee.

KEY, ASSOCIATE JUSTICE.—This case originated in a Justice of the Peace Court, and judgment having gone against appellants, they attempted to appeal. The Twenty-fourth Legislature had passed a law creating for Bowie county a court designated as the Texarkana Civil and

Criminal Court; and by the terms of that law appeals from Justice Courts went to the Texarkana Civil and Criminal Court. Rev. Stats., art. 1531. The Supreme Court held that law to be unconstitutional and void. Whitener v. Belknap, 89 Texas, 273. The appeal bond which the appellants filed in the justice court, after describing the judgment, reads thus: "The defendants being dissatisfied with said judgment, and wishing to appeal from the same to the Texarkana Civil and Criminal Court, now therefore we, the said appellants, P. A. Turner and H. R. Webster and J. C. Watts, as principals, and ———————— as sureties, acknowledge ourselves bound to pay to said appellee, the Southern Pine Lumber Company, the sum of three hundred and fifty dollars, conditioned that the said appellants shall prosecute their appeal to effect, and shall pay off and satisfy the judgment which may be rendered against them on such appeal."

This bond and the original papers and the transcript of the justice's docket were filed in the County Court; whereupon appellee filed a motion to dismiss the appeal, because it appeared from the bond that appellants had not appealed to the County Court, but to the Texarkana Civil and Criminal Court. This motion was sustained; appellants have appealed, and insist that the County Court committed error in the ruling referred to. We hold that the ruling was correct. The bond in effect stated that the appeal was taken to the Texarkana Civil and Criminal Court and obligated the sureties to pay off and satisfy such judgment as might be rendered against them "on such appeal." The words "such appeal" mean the appeal therein before designated and described, which was to the Texarkana Civil and Criminal Court; and hence the bond, if the case had been tried and decided against the principals therein, did not authorize the County Court to render any judgment against the sureties, nor did it render them liable in any court for a failure of the principals to successfully litigate the case in the County Court. The judgment is affirmed.

*Affirmed.*