DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH

*(Continued from Volume 53)*

---

GREENWOOD v. BRAMEL, District Judge, et al.

No. 3233.  Decided July 31, 1918.  Rehearing Denied August 22, 1918.
(174 Pac., 637.)

1. JUSTICES OF THE PEACE—APPEAL—NOTICE OF APPEAL.  Under Comp. Laws 1907, sections 3331-3333, 3744, 3750, where notice of rendition of judgment in justice's court was deposited in the United States post office at Salt Lake City, addressed to the opposing party's counsel at Murray, on January 28th, the notice of appeal deposited in the post office at the last-named place, addressed to the first-named place, on February 28th, was served in time.  (Page 4.)

2. JUSTICES OF THE PEACE—APPEAL.  Comp. Laws 1907, section 3750 is mandatory, and notice of appeal from justice's court must be filed, as well as served, within thirty days, or the appeal will be dismissed on notice.  (Page 5.)

Certiorari by John Greenwood against W. H. Bramel, as Judge of the District Court of Salt Lake County, and Annie Warenski, to review an order denying petitioner's motion to dismiss an appeal from justice's court.

ORDER ANNULLED.

C. E. Marks of Salt Lake City, for plaintiff.

D. W. Moffat of Murray, for defendants.

CORFMAN, J.

Vol. 54—1

Plaintiff made an application for a writ of certiorari to issue out of this court, requiring the defendant W. H. Bramel, as judge of the district court of Salt Lake County, to certify to this court for review the files, record, and transcript of the proceedings in a civil action before that court, entitled "Annie Warenski v. John Greenwood." This court issued a writ, and the same was complied with.

It appears from the record and files before us that the defendant Annie Warenski, on September 21, 1917, commenced an action in claim and delivery in the justice's court of Murray precinct, Salt Lake County, against John Greenwood, for the possession of a horse. Greenwood appeared and answered in said action, denying ownership or right of possession of said animal to be in Warenski, and by way of counterclaim alleged ownership and right of possession in himself. Upon application of Greenwood, plaintiff in this proceeding, the place of trial was changed from Murray precinct to Sandy precinct No. 7, Salt Lake County. On January 19, 1918, the case came on for trial before the justice of said precinct No. 7, whereupon the said Annie Warenski, by leave of court, dismissed her complaint in said action. Said justice then proceeded to take the testimony under the counterclaim, and after receiving and considering the same, rendered judgment in the usual form in favor of Greenwood and against Warenski for the delivery of the possession of said animal, or the value thereof in case delivery could not be had, and for damages and costs. On January 21, 1918, Greenwood, at Salt Lake City, caused a notice of judgment to be served upon the attorney for Warenski by mail, erroneously entitling the same in the justice's court of Murray precinct. Thereafter, on January 28, 1918, Greenwood caused a "corrected notice" of said judgment, properly entitling the same in the justice's court of said precinct No. 7, to be served in like manner by mail upon counsel for Warenski. Other proceedings were then had in said cause not necessary to enumerate, nor for this court to pass on. On February 28, 1918, Warenski caused a notice of appeal from said judgment of the justice's court to the said district court to be served by mail upon Greenwood,

which said notice was filed in the justice's court of said precinct No. 7 on March 1, 1918. Thereupon all the records, papers, and files were transmitted by said justice's court to said district court. On March 22, 1918, Greenwood served upon Warenski a notice of intention to move to dismiss said appeal, upon the ground that the same was not taken in time, and therefore the district court had no jurisdiction to proceed with the case and try it upon merits. On April 13, 1918, said application for dismissal came on for hearing and was denied by the district court, whereupon Greenwood brought the case to this court to be reviewed upon his application for a writ of certiorari.

The sole question for this court to pass upon, therefore, is: Was the appeal from the justice's court to the district court taken in time? So far as material here, Comp. Laws 1907, section 3750, with reference to appeal from a justice's court to a district court provides:

"* * * On notice, an appeal shall be dismissed for the following cause: That notice of appeal was not *served* and *filed* within thirty days after notice of rendition of judgment. * * *" (Italics ours.)

Comp. Laws 1907, section 3744, provides:

"Any person dissatisfied with a judgment rendered in a justice's court, whether the same was rendered on default or after trial, may appeal therefrom to the district court of the county at any time within thirty days after the rendition of any final judgment. Notice of the entry of judgment must be given to the losing party by the successful party either personally or by publication, and the time of appeal shall date from the service of said notice. * * * The appeal shall be taken by *filing* a notice thereof with the justice, or in the clerk's office of the district court to which said appeal is taken, and serving a copy on the adverse party. The notice shall show on its face the title of the court in which it is so *filed*." (Italics ours.)

With regard to serving of notices by mail, as was done in this case, it is provided by Comp. Laws 1907, section 3332:

"Service by mail may be made when the person making the

service, and the person on whom it is to be made, reside or have their offices in different places between which there is a regular communication by mail.''

Comp. Laws 1907, section 3333, provides:

''In case of service by mail, the notice or other paper must be deposited in the postoffice, addressed to the person on whom it is to be served at his office, or place of residence, and the postage paid. The service is complete at the time of the deposit, but if within a given number of days after such service a right may be exercised, or any act is to be done by the adverse party, the time within which such right may be exercised or act done is extended one day for every twenty-five miles distance between the place of deposit and the place of address.''

In the consideration of the question as to whether the service and filing of the notice of appeal in question were in time we need not pass upon the first notice of the rendition of judgment in the justice's court, served January 21, 1918. While appellate procedure is statutory, and the statutes must, as a general rule, be strictly complied with, our statute (section 3750, supra) provides:

''No failure to comply with any provision of law relating to appeals from justice's court to the district court, except a failure to serve and file a notice of appeal, shall defeat the jurisdiction of the district court over the case attempted to be appealed.''

The second notice, in legal form, was served by depositing it in the United States post office at Salt Lake City, duly addressed to Warenski's counsel at Murray, on January 28. 1918. We think this was personal service of the notice on Warenski, as contemplated by Comp. Laws 1907, section 3331. Counting the time, as provided by our statute, by excluding the first day, January 28th, and extending the time one day for taking the appeal, as provided by section 3333, supra, in case of service by mail, Warenski had to and including all of the 28th day of February in which to file and serve notice of appeal. Therefore the service of notice of appeal was made in time.

It appears, however, from the record, that said notice was not filed in the justice's court until March 1, 1918. It was therefore not filed within 30 days, but was filed one day too late in order to render the appeal to the district court effectual under the statute. We think that the provisions of section 3750, first above quoted are mandatory, and that, in order to confer jurisdiction upon the district court, the notice of appeal must be *served* and *filed* within the thirty days allotted by statute. It necessarily follows that the district court, by reason of the said notice not having been *filed* within thirty days from the time of service of the notice of the rendition of the judgment, was without jurisdiction to proceed with the case and try it upon merits, and that the petitioner's application for dismissal of the appeal should have been complied with.

It is therefore ordered that the order of the district court, denying petitioner's motion to dismiss the appeal to the district court from the justice's court for precinct No. 7 of Salt Lake County, be annulled. It is further ordered that the costs of this proceeding be taxed against the defendant Annie Warenski.

FRICK, C. J., and McCARTY, THURMAN. and GIDEON, JJ., concur.