(No. 13411.—Reversed and remanded.)

FRANK T. SHEARMAN, Admr. Appellee, *vs.* ELIZABETH J. COOPER *et al.* Appellants.

*Opinion filed October 23, 1920.*

1. APPEALS AND ERRORS—*when objection to appeal bond comes too late.* An objection in the briefs of counsel to the sufficiency of an appeal bond comes too late where it does not point out wherein the bond is defective and is not supported by a motion in proper time to remedy defects in form or as to the sufficiency of sureties.

2. EXECUTORS AND ADMINISTRATORS—*when court should not approve sale by administrator.* On the ground of public policy the court should not approve, over the objection of parties in interest, a sale by an administrator to any person acting in a fiduciary capacity with respect to the sale.

3. SAME—*attorney for administrator cannot purchase at sale if objection is made.* The rule that administrators, executors or other persons occupying a fiduciary relation cannot sell to themselves property held by them in a fiduciary capacity requires that an attorney for an administrator shall not be permitted, over objection by parties in interest, to purchase real estate at an administrator's sale to pay debts.

4. SAME—*fees should not be allowed to attorney for administrator in a proceeding to sell land to pay debts.* Fees for services of an attorney for the administrator of an estate should not be allowed and charged to the estate as part of the costs of a proceeding to sell land to pay debts of the estate but should be included in the general costs of the administration.

APPEAL from the County Court of Mercer county; the Hon. FRIEND L. CHURCH, Judge, presiding.

GEORGE W. WOOD, for appellants.

ROBERT L. WATSON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from an order of the county court of Mercer county approving an administrator's report of the sale of real estate to pay debts and fixing the amount of the attorney's fees in said proceeding.

George H. Robinson died in Los Angeles, California, in 1916, leaving, as shown by this record, an undivided one-fourth interest and an undivided one-twelfth interest, subject to a life estate, in 320 acres of land in Mercer county and an undivided interest in 12 acres in Rock Island county. All these interests he inherited from his father, David Robinson, who died in 1911, devising said land one-fourth to George, one-fourth to his daughter Elizabeth J. Cooper, one-fourth to his daughter Alice Greve, and the other one-fourth to a trustee for his son Arthur during his lifetime, with the remainder over to George, Elizabeth and Alice. George left a will, which was probated in California and an executor appointed there. His property in California was insufficient to pay his debts, and Frank T. Shearman was appointed administrator with the will annexed in Mercer county, in this State. Certain claims were filed in Mercer county, and the administrator filed a petition to sell the real estate to pay debts. After answers were filed and the pleadings were settled a hearing was had and a decree entered by the county court of Mercer county ordering the sale of the interest left by George in the land in question. The sale appears to have been duly advertised and held and the property was sold to Robert L. Watson, who acted as attorney for the administrator in this State during the estate proceedings and the proceedings by the administrator to sell the land to pay debts and the filing of the report of the administrator in the county court. Elizabeth J. Cooper and Alice Greve filed objections to the confirmation of the report of sale by the county court because the purchaser was the attorney for the administrator. The county court, after a hearing on the objections, approved the report of sale and fixed the amount of the attorney's fees at $1000. From that order this appeal was taken.

Counsel for appellee raises the question that the appeal should be dismissed because the appeal bond does not comply with section 92 of chapter 110 of the revised statutes

of this State. (Hurd's Stat. 1917, p. 2248.) The specific objection to the bond is not pointed out in the briefs and no motion of any kind appears to have been made in this court with reference to the appeal bond being defective. As near as we can understand from the suggestions of counsel in his brief, it is claimed the bond is defective because it was not approved by the order of the trial court. Counsel does not point out wherein the bond is defective in any other respect or contend that the sureties are not ample. If the bond was defective in form or the sureties were insufficient that question could have been raised and remedied by motion made in this court at the proper time. We find no merit in this objection as made in the brief.

Counsel for appellants argues that the courts of this State should not approve, over objection of parties in interest, a sale made by an administrator to the person who acted as his attorney in the proceedings to sell the real estate. The attorney, under such circumstances, is usually interested in procuring the bidders and generally advises the administrator during the conduct of the sale. The precise question here involved seems never to have been passed upon by this court, but it has long been the established rule that the court would not approve, over the objection of parties in interest, a sale made by an administrator to any person acting in a fiduciary capacity as to the sale. (*Thorp* v. *McCullum,* 1 Gilm. 614; *Miles* v. *Wheeler,* 43 Ill. 123; *Brinkerhoff* v. *Brinkerhoff,* 226 id. 550; *Roberts* v. *Weimer,* 227 id. 138.) "It matters not, in such a case, whether the sales are made with or without the sanction of judicial authority or with ministerial exactness. The rule of equity is, in every code of jurisprudence with which we are acquainted, that a purchase by a trustee or agent of the particular property of which he has the sale or in which he represents another, whether he has an interest in it or not, * * * carries fraud on the face of it." (*Michoud* v. *Girod,* 4 How. 503.) This doctrine forbidding the purchase

by anyone standing in a confidential relation as to the sale stands more upon the general principle than on the circumstances of any particular case. It rests upon the doctrine "that the purchase is not permitted in any case, however honest the circumstances, the general interests of justice requiring it to be destroyed in every instance. * * * The assignee is as much a trustee as an executor. * * * As to the solicitor, if there is any utility in applying the principle against the assignee, the application as against the solicitor is more loudly called for." (*Ex parte James,* 8 Ves. Jr. 337.) To the same effect is *West* v. *Waddell,* 33 Ark. 575, in which it was said the question was based not upon any proof of material fraud but on the ground of public policy, irrespective of the intention of the parties. Whether the land "was or was not worth more than the amount of the agent's bid is a matter of fact which is never inquired into in such cases, the general interests of justice requiring that a purchase made by persons holding a fiduciary situation in relation to the sale should be set aside in all cases if an application is made within a reasonable time." *Torrey* v. *Bank of Orleans,* 9 Paige, 649.

The cases cited by appellee from this State as justifying the sale to the attorney for the administrator (*Hess* v. *Voss,* 52 Ill. 472, and *Mansfield* v. *Wallace,* 217 id. 610,) we do not deem in point on the question here under consideration. In each of those cases the sale was made by the master in chancery,—an officer of the court, over whom the parties had no control and who was in no way connected with the attorney. The authorities cited from other States are not controlling in this State, and we have found no authority in any State that holds as valid any sale to one who was acting as the attorney for the administrator or other officer, which would not also have been held good had the administrator made it to himself. A rule permitting such a sale would be not only contrary to a long line of the decisions in this State and the weight of authority

in other jurisdictions, but would be contrary to justice and sound public policy. Public policy will not permit any person occupying the position of attorney, or any other fiduciary relation, to place himself where his personal interest, or that of any other person he is undertaking to represent, will conflict with the interest of the person or persons to whom he owes the duty of absolute good faith. In this State, administrators, executors or other persons occupying a fiduciary relation cannot sell to themselves property held by them in a fiduciary capacity. This being so, the same sound principle of justice and public policy requires that the attorney for the administrator, executor or other trustee shall not be permitted, when so acting, to purchase the property himself. The county court therefore wrongly approved the sale to the attorney for the administrator over objections of appellants.

Appellee was allowed attorney's fees of $1000 by the county court for his work as attorney for the estate, apparently for conducting the legal proceedings with reference to the petition in the trial court for the sale of real estate to pay debts. Our attention has been called to no provision of the Administration statute, and we know of none, which permits attorney's fees in such a proceeding to be charged to the estate as a part of the costs of the proceeding to sell real estate to pay debts. In our judgment there is no justification for allowing attorney's fees as a part of the costs in such proceedings. Such proceedings should be conducted under the authority and direction of an administrator or executor of an estate and he should employ such legal counsel as he finds necessary to carry through such proceedings, and the attorney's fees should be charged and allowed as a part of the general costs of the administration of the estate. For this reason, if for no other, the county court of Mercer county erred in allowing the attorney's fees in question.

The order of the county court of. Mercer county as to the confirmation of the sale of land and as to attorney's fees must be set aside and the cause remanded for further proceedings in harmony with the views herein stated.

*Reversed and remanded.*