LEVY v. DISTRICT COURT OF SALT LAKE COUNTY
et al.

No. 3960.   Decided May 26, 1923.   (215 Pac. 993.)

1. APPEAL AND ERROR—GROUND FOR DISMISSAL OF APPEAL, NOT SPECIFIED, WAIVED. The failure to specify the filing of an undertaking without an order of court as a ground for dismissal of the appeal constitutes a waiver of such objection.

2. COURTS—DISTRICT COURT WITHOUT POWER TO DISMISS APPEAL FROM CITY COURT, WHERE NOTICE FILED WITHIN 30 DAYS AFTER RENDITION OF JUDGMENT. Under Comp. St. 1917, §§ 7514, 7517, 7520, relating to procedure on appeal from a court of the justice of the peace, and made applicable under section 1717 to a city court, where notice of appeal was filed within 30 days after notice of rendition of judgment, the district court is without power to dismiss an appeal on the ground that the filing fee due the city court was not paid and the papers not filed in the district court, and the advance fee required therefor was not paid, within 30 days after the transcript was received by the clerk.

Mandamus by Dave Levy against the District Court of Salt Lake County and others to require the named defendant to reinstate an appeal and assume jurisdiction of an action wherein plaintiff was one of the parties defendants.

ALTERNATIVE WRIT MADE PERMANENT.

*Walton & Walton,* of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

GIDEON, J,

Plaintiff applied to this court for a writ of mandate against the district court of Salt Lake county, requiring that court to reinstate an appeal and assume jurisdiction of an action wherein Hyrum Sutton and others were plaintiffs and the plaintiff herein, Dave Levy, was one of the defendants. The case was appealed from the city court of Salt Lake City to said district court.

On March 18, 1922, Hyrum Sutton and others recovered judgment against Levy in the city court of Salt Lake City. On the 29th of the same month Levy served and filed notice of appeal from the judgment in the city court to the district court of Salt Lake county and within 5 days thereafter filed an undertaking on appeal for costs and supersedeas. Exceptions were taken to the sufficiency of the sureties on the undertaking. The sureties failed to justify. On April 10, 1922, a second or new undertaking on appeal, in due form, for costs and supersedeas of the judgment, was filed in the city court. Appellant in that action, Dave Levy, did not pay to the city court the fee required to have a transcript of the proceedings certified to the district court. Nothing further was done till July 1, 1922, when plaintiffs (Sutton et al.) in the city court caused the papers to be received and filed with the clerk of the district court. On July 3, 1922, Sutton and others, plaintiffs in the action, served on the defendant Levy, and on July 6th filed with the clerk of the district court, a motion to dismiss the appeal on the following grounds:

"For the reason that the filing fee due to the city court was not paid, and the papers in said cause were not filed in the district court and the advance fee required therefor was not paid within 30 days after the transcript was received by the clerk by the defendants or either of them."

On July 15, 1922, the motion to dismiss the appeal was granted. At a later date, on January 27, 1923, a motion to reinstate the appeal was denied by the district court.

Our statute (Comp. Laws Utah 1917, § 1717) provides that an appeal may be taken from a final judgment of a city court to the district court, by either party to a civil

action, "in the manner and with like effect" as is provided for an appeal from a justice's court. Section 7514 provides that:

"Any person dissatisfied with a judgment rendered in a justice's court * * * may appeal therefrom to the district court of the county at any time within thirty days after the rendition of any final judgment."

Section 7517 provides that:

"Within five days after filing the notice of appeal, an undertaking shall be filed with the justice, with two or more sureties, in the sum of $100, for the payment of the costs on the appeal; and, if a stay of proceedings be claimed, in a sum equal to twice the amount of the judgment, including costs," etc.

Section 7520 provides that:

"No failure to comply with any provisions of law relating to appeals from justice's court to the district court, except a failure to serve and file a notice of appeal, shall defeat the jurisdiction of the district court over the case attempted to be appealed."

That section further provides that:

"On notice, an appeal shall be dismissed for the following cause: That notice of appeal was not served and filed within thirty days after notice of rendition of judgment."

Also that an appeal may be dismissed on notice, in the discretion of the court, for either of the following causes:

"(1)   That the papers were not filed in the district court, and the advance fee required therefor was not paid, within thirty days after the transcript was received by the clerk; (2) that the undertaking was not filed within five days after the filing of notice of appeal."

The notice upon which the appeal was dismissed in the district court specified as grounds that the appellant in that case, Levy, had not paid the fee due the city court, and had failed to cause the papers to be filed in the district court, and had not paid the advance fee required therefor within 30 days after the transcript was received by the clerk of that court.

Section 7520, supra, does not authorize a dismissal for failure to pay the city court its fees for preparing the transcript; nor does it seem to authorize a dismissal of an appeal for failure to cause the papers to be transmitted to the clerk of the district court within any specified time. It

does provide for a dismissal of an appeal for failure to file the record within 30 days after the transcript is received by the clerk. It seems to be admitted, and it so appears from the record that the transcript from the city court was received and filed 'in. the district court on July 1, 1922. The motion to dismiss the appeal was granted on July 15, 1922. Thirty days had not intervened between the time the clerk received the papers and the date of dismissal.

The sureties on the first undertaking on appeal failed to justify and thereafter a new undertaking was filed without any order of court. It is therefore contended that such facts render the appeal nugatory, and that no appeal had in fact been perfected, and that the district court was therefore without jurisdiction to try the cause. Two opinions of this court are cited in support of that claim namely, *Hoffman* v. *Lewis,* 31 Utah, 179, 87 Pac. 167, and *Little* v. *Blank,* 31 Utah, 222, 87 Pac. 708. An examination of the particular facts involved in this case will readily suggest that the conclusions of the court there are not, and cannot be, controlling in this case.

Under section 7011 of our statute the city court could have permitted the filing of a new or additional undertaking upon application of Levy. The motion to dismiss the appeal was not based upon the failure of the appellant in that action to obtain an order of the court permitting the filing of this new undertaking. As pointed out, the court was vested with authority to have made such an order. The undertaking was filed and doubtless becomes a binding undertaking upon the sureties, so far as the judgment in this case is concerned. The failure to specify the filing of the undertaking without an order of court as a ground for dismissal of the appeal constitutes and must be held to be, a waiver of such objection.

Section 7520, supra, provides that no failure to comply with the provisions of law relating to appeals from a justice's court shall defeat the jurisdiction of the district court over the case attempted to be appealed, except the failure to serve notice of appeal. A discretion is given to the dis-

trict court to dismiss an appeal for failure to pay the advance fee required within 30 days after the transcript is received by the clerk of the district court. It is therefore argued that the order of dismissal was within the discretion of the district court, and for that reason this court will not interfere with that discretion, although it may be of the opinion that the court erred. A reading of the statute does not warrant the conclusion that the district court has any discretion as to the dismissal of an appeal until 30 days after the receipt of the transcript by the clerk of that court. As has been seen, the order of dismissal in this case was made some 15 days after the record was received. It is apparent that the statute intended to give to any one appealing from the justice's court 30 days after the clerk of the district court receives the transcript in which to file and docket such appeal.

There seems to be no escape from the conclusion that the court exceeded its jurisdiction and its power given by the statute in dismissing the appeal at the date such order was made. It may be, as contended by defendants herein, that the construction given to the statute permits a party to delay an appeal and throws the burden upon the winning party to perfect the appeal, if the appellant chooses to not prosecute his appeal with due diligence. Such may be the result, but the Legislature has not placed any limitation or definite time in which an appellant from a justice's court is required to file a transcript in the district court. The statute does provide that notice of appeal must be given within 30 days; that the undertaking must be filed within 5 days after the giving of the notice. It also provides that a failure to file the record in the district court and pay the advance fee required therefor after 30 days—that is, after the transcript is received by the clerk—is ground for dismissal. But the statute is silent as to the time when one shall cause the papers to be deposited or left with the clerk of the district court.

Doubtless an appellant can lose his right to have the case heard in the district court if an unreasonable delay takes

place before filing the papers with the clerk of the court; but we do not feel authorized or justified in holding that the failure to file the transcript before July 1st was such an unreasonable delay as could or should be held an abandonment of the appeal. Moreover, the opposing party has the right at all times to pay the justice the required fee and file the record in the district court, and will be protected in any expenditure made in that regard by the cost bond filed as a necessary step in taking the appeal.

The alternative writ heretofore issued should be made permanent, and such is the order. Costs of this proceeding are taxed against defendants Sutton and Kassin.

WEBER, C. J., and THURMAN, FRICK, and CHERRY, JJ., concur.