### No. 6243.
### First Circuit Appeal.

---

### L. J. JONES v. ARMAND RICHARD.

(December 30, 1924. Opinion and Decree.)
(February 18, 1925, Rehearing Refused)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest, Appeal.—Par. 320.**
Under Act 112 of 1916, the appellate court cannot dismiss. the appeal for insufficiency of the appeal bond unless this matter was previously brought up before the lower court.

2. **Louisiana Digest, Bills and Notes.—Par. 199.**
Where plaintiff, suing on a promissory note, was a party to or had knowledge of the fraudulent operations by which the signature to the note was secured, recovery on the note is barred for lack of consideration.

Appeal from the 18th Judicial District, Parish of Lafayette, Hon. W. W. Bailey. Judge.

This is a suit on a promissory note. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Smith & Carmouche, of Crowley, attorneys for plaintiff, appellant.

John L. Kennedy, of Lafayette, attorney for defendant, appellee.

ELLIOTT, J. This is a suit on a promissory note, which the maker signed by making his mark, payable to the order of himself and by himself, endorsed by a holder of the same. The petition does not allege

that the holder acquired the note in good faith and in the usual course of trade; a matter which we would not mention as we do; were it not for the averments in the answer of the defendant and to which the maker has attached his oath as the law requires; setting out in detail how the note was obtained from him by misrepresentation and fraud and concluding with the statement that the "plaintiff herein was a party and either participated in the working of the game or had knowledge of the fraudulent operations", that no consideration exists for the note, etc.

The district judge rejected plaintiff's demand and he has appealed.

There is a motion to dismiss because the appeal bond given for $150.00 when the order granting the appeal requires a bond for $250.00 for either suspensive or devolutive appeal. According to Act 112 of 1916 as it reads, we cannot dismiss the appeal unless the matter was brought before the lower court and that does not appear to have been done in this case. It appears that something more might be said as to such an application of the Act in question; but we will not go further with the matter and will overrule the motion as concerns the present appeal.

We have examined the evidence; the briefs of the parties, and will say that no useful purpose can be served by quoting or commenting on the evidence that the record contains and brings up, except that plaintiff prepared the note sued on and delivered it to another party to be presented to defendant for signature and the record justifies the conclusion that plaintiff knew all about the stock proposition that was put up to defendant, that no consideration existed for the note as far as defendant was concerned.

The judgment rejecting plaintiff's demand appears to us to have been a most righteous one and the proper one that should have been rendered and must be affirmed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed; the plaintiff and appellant to pay the cost in both courts.