## SOUTHERN SALES & FINANCE CO. et al. v. WATTERSON.

### No. 2467.

Court of Civil Appeals of Texas. El Paso.

Dec. 18, 1930.

S. A. Williams, of Dallas, for appellants.

W. M. Fouraker, of Dallas, for appellee.

PELPHREY, C. J.

Southern Sales & Finance Company brought this suit in the justice court of precinct No. 1, Dallas county, Tex., against appellee to recover storage on a certain Ford Automobile and for the foreclosure of a storage lien thereon.

Appellee answered by general demurrer, special exceptions, general denial, and by cross-action impleading American Mortgage Corporation, a corporation, and D. D. Harris for praying for $100 actual and $100 exemplary damages.

The impleaded defendants answered by general and special exceptions, general denial, and alleged the taking possession of said au-

tomobile to have been lawful and authorized by the mortgage theretofore executed by appellee.

A jury in justice's court found for appellee against all of the defendants, and from a judgment in said court all defendants appealed.

The following appeal bond was executed:

"Southern Sales & Finance Co., et al., v. H. V. Watterson, Def.

"In The Justice Court, Precinct No. 1, Dallas County, Texas.

"No. 13607.

"Whereas, the defendant, H. V. Watterson, recovered a judgment against the Southern Sales & Finance Co., and American Mortgage Corporation, and D. D. Harris on the 24th day of September, 1929, before E. John Baldwin, Justice of the Peace, in and for the County of Dallas, for the sum of fifty ($50.00) dollars, and for the possession of a certain Ford Automobile, as described in the pleading in said case, of the value of $75.00 besides costs of suit, and from which judgment the plaintiffs all desire to appeal to the County Court of Dallas County, Texas:

"Now, therefore, Southern Sales & Finance Co., and American Mortgage Corporation, and D. D. Harris, as principals, and Herbert W. Jester, and C. V. Thompson, as sureties, acknowledge ourselves bound to pay to H. V. Watterson, defendant, in such cause, the sum of two hundred and fifty and no/100 ($250.00) dollars, conditioned that said plaintiffs shall prosecute their appeal to effect and shall pay off and satisfy the judgment which may be rendered against them on such appeal.

"Witness our hands this the 27th day of September A. D. 1929.

"Southern Sales & Finance Co.,
"By D. D. Harris, Manager.
"American Mortgage Corporation,
"By Herbert W. Jester.
"D. D. Harris,
"Principals.
"Herbert W. Jester,
"C. V. Thompson,
"Sureties.

"Approved Sep. 30, 1929. E. John Baldwin."

This bond was filed by the county clerk in the county court of law No. 1, on January 3, 1930, and, on the same day, appellee filed his motion to quash the appeal bond, dismiss the appeal, and issue writ of procedendo because the bond recited that the cause was appealed to the county court, the county court of law No. 1, therefore, being without jurisdiction.

On January 29, 1930, this motion was sustained and the cause dismissed, and from such dismissal this appeal has been perfected.

Appellants, by the second assignment, contend that the court erred in refusing to permit them to file an amended bond in the case.

This assignment must be overruled for two reasons: (1) The record fails to show that any such request was ever presented to the trial court, and (2) because article 2104 of the Revised Statutes of 1911 was omitted from the Revised Civil Statutes of 1925 and by such act was repealed. Briggs et al. v. Buckner (Tex. Civ. App.) 19 S.W.(2d) 190.

This being true, the only question remaining is as to whether the trial court's action was correct in view of the fact that the bond recited: "And from which judgment the plaintiffs all desire to appeal to the County Court of Dallas County, Texas," when the jurisdiction of the case had been placed in the county court of Dallas county at law Nos. 1 and 2. Articles 1970—2 and 1970—16, Vernon's Ann. Civ. St.

The bond further recited "that said plaintiffs shall prosecute their appeal to effect and shall pay off and satisfy the judgment which may be rendered against them on such appeal."

In the case of Turner v. Southern Pine Lumber Co., 16 Tex. Civ. App. 545, 40 S. W. 1078, 1079, the court had the following to say in the discussion of a bond where the appeal had been taken to the Texarkana Civil and Criminal Court instead of the county court: "The words 'such appeal' mean the appeal therein before designated and described, which was to the Texarkana civil and criminal court; and hence the bond, if the case had been tried and decided against the principals therein, did not authorize the county court to render any judgment against the sureties, nor did it render them liable in any court for a failure of the principals to successfully litigate the case in the county court." It appears to us that what was there said of the bond in that case applies with equal force to the bond in the present case, and that the trial court acted properly in taking the action that it did.

The case of Gulf, B. & G. N. Railway Co. v. Lyons (Tex. Civ. App.) 86 S. W. 44, also seems to support this view.

The judgment of the trial court is affirmed.