### PROVIDENT INS. CO. v. CRUMPLER.
### No. 2438.

Court of Civil Appeals of Texas. Beaumont.
June 22, 1933.

R. R. Robertson, of Dallas, for plaintiff in error.

Fred A. White, of Port Arthur, for defendant in error.

WALKER, Chief Justice.

This case originated in justice court, precinct No. 2, Jefferson county, where judgment was rendered in favor of Dr. Walter E. Crumpler, against Provident Insurance Company, for the sum of $188. Provident Insurance Company prosecuted its appeal from the justice court judgment "to the County Court of Jefferson County, Texas," by filing an appeal bond in the amount and conditioned as required by law. The appeal was filed in the "County Court of Jefferson County at Law," the only court which, under the law (R. S. 1925, Arts. 1970—111, 1970—112 et seq.), has jurisdiction of appeals from the justice courts of Jefferson county. When this case was called for trial, as it was docketed in the county court of Jefferson county at law, the following judgment was entered:

"On this the 9th day of May, A. D. 1932, came on the above styled cause for hearing, after having been regularly and duly set for trial, and came the plaintiff, Walter E. Crumpler and moved the Court to dismiss the appeal of this Cause, which motion after having been filed and duly considered, appears to be well taken.

"It is therefore Ordered, Adjudged and Decreed by the Court that the Appeal in this cause, be, and the same is hereby dismissed, and the Clerk of this Court is ordered to issue a Writ of Procedendo, directed to the Justice's Court of Precinct No. 2, of Jefferson County, Texas, commanding said Court to proceed with the collection and execution of said judgment, and all costs."

No exceptions were reserved to this judgment and no motion for new trial was filed. The appeal was prosecuted by writ of error, but the parties will be referred to as appellant, Provident Insurance Company, and appellee, Dr. Walter E. Crumpler. The record is before us without a statement of facts. The transcript contains no bills of exception, nor does it contain the motion upon which the appeal from justice court was dismissed. Both parties assume that the motion to dismiss, as made in the county court of Jefferson county at law, was "oral" and was to the effect that the omission of the words "at Law" after the words "The County Court of Jefferson County," rendered the bond fatally defective.

### Opinion.

█ The lower court did not err in dismissing the appeal on appellee's oral motion. The case originated in justice court and, therefore, the pleadings, both on motions and on the merits, could be stated orally. Article 2388 of the 1925 Revised Civil

Statutes of Texas; Simpson v. Zuehlke (Tex. Civ. App.) 26 S.W.(2d) 663; Howard v. Fabj, 42 Tex. Civ. App. 42, 93 S. W. 225; Threadgill v. Shaw (Tex. Civ. App.) 130 S. W. 707; Loomis v. Broaddus (Tex. Civ. App.) 134 S. W. 743; Daniel v. Brewton (Tex. Civ. App.) 136 S. W. 815; Borders v. Highsmith (Tex. Civ. App.) 252 S. W. 270. Again, the defect in the bond was jurisdictional. Southern Sales & Finance Co. v. Watterson (Tex. Civ. App.) 34 S.W.(2d) 331; American Ry. Express Co. v. Stoll (Tex. Civ. App.) 249 S. W. 524. It was, therefore, the duty of the court to construe the bond, no matter how the defect was called to its attention.

█ The court did not err, as appellant insists, in not entering an order giving it permission to file an amended bond. Appellant was entitled to this right only upon request, which was not made. Southern Sales & Finance Co. v. Watterson, supra.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.