HANSON v. DISTRICT COURT OF THIRD JUDICIAL DISTRICT IN AND FOR SALT LAKE COUNTY et al.

No. 6605. Decided October 18, 1943. (142 P. 2d 199.)

Rehearing denied November 27, 1943.

*O. H. Matthews* and *P. G. Ellis,* both of Salt Lake City, for plaintiff.

*E. L. Schoenhals,* of Salt Lake City, for defendants.

WOLFE, Chief Justice.

On petition of plaintiff, we issued an alternative writ of mandamus directing the District Court for Salt Lake County and one of its judges, above named, to reinstate the case of James L. Morris, doing business as James L. Morris Plumbing and Heating Company, Plaintiff, versus Glenn Hanson, Defendant, appealed from the City Court of Murray City, Utah, or to show cause why the same should not be so reinstated and tried de novo in the District Court.

It is alleged that the files in the case, including papers entitled and filed in the District Court, were returned to the Clerk of the Murray City Court upon the order dismissing the appeal, and that the City Court Clerk has since refused to return them or any part thereof to the Clerk of the District Court. We have none of the original files before us.

The petition and answer here disclose that on May 5, 1942, plaintiff Morris below obtained judgment against defendant Glenn Hanson in the Murray City Court for $168.20 and interest. Notice of the judgment was served on Hanson on the same day, and within thirty days therefrom, on June 1, 1942, Hanson served and filed his notice of appeal to the District Court. Also, in time, June 5, 1942, he filed in the City Court the following instrument, called by him an "Undertaking":

"Whereas, the above named defendant, Glenn Hanson, is desirous of appealing from a judgment in the sum of $168.20 from the City Court of Murray City, Utah, Salt Lake County, State of Utah;

"We, Nick V. Melis and *Burt* V. Melis, are hereby bound in the sum of Three Hundred Dollars ($300.00) as cost as provided in Revised Statutes of Utah 1933, Sec. 104-41-7.

"Whereas, we Nick V. Melis and *Burt* V. Melis, the above named sureties will not be bound jointly or severally in excess of $300.00

"In witness Whereof, we have hereunto set our hands and seals this 5th day of June, A. D. 1942.

"Nick V. Melis
"*Gust* V. Melis

"State of Utah, County of Salt Lake—ss.:

"Nick V. Melis and *Burt* V. Melis, whose names are subscribed to the above undertaking, being duly sworn each for himself says: That he is a resident and property holder in the County of Salt Lake, State of Utah, and is worth the sum in said undertaking above debts, exclusive of property exempt from execution.

"Nick V. Melis
"*Gust* V. Melis

"Subscribed and sworn to before me this 5th day of June, A. D. 1942.

"O. H. Matthews,
"Notary Public."

On June 10, 1942, Morris served and filed a "Notice of Exception to the Sufficiency of Sureties." No response was made by Hanson to this Notice. On July 3, 1942, Hanson filed in the District Court another instrument entitled "Amended Undertaking," in words and figures as follows:

"Whereas, the above-named defendant, Glenn Hanson, is desirous of appealing from a judgment in the sum of One Hundred Sixty-eight and 20/100 ($168.20) Dollars from the City Court, in the City of Murray, County of Salt Lake, State of Utah.

"We, Nick V. Melis and Gust V. Melis are hereby bound in the sum of Four Hundred Thirty-Six and 40/100 Dollars as cost and stay bond as provided in the Revised Statutes of Utah 1933, Section 104-77-6.

"Whereas we, Nick V. Melis and Gust V. Melis, the above-named sureties, will not be bound jointly or severally in excess of Four Hundred Thirty-Six and 40/100 Dollars.

"In Witness Whereof, we have hereunto set our hands and seals this 30th day of June, A. D. 1942.

"Nick V. Melis
"Gust V. Melis

"State of Utah, County of Salt Lake—ss.:

"Nick V. Melis and Gust V. Melis, whose names are subscribed to the above undertaking being duly sworn each for himself says: That he is a resident and property holder in the County of Salt Lake, State of Utah, and is worth the sum in said undertaking above all debts, exclusive of property exempt from execution.

"Nick V. Melis
"Gust V. Melis

"Subscribed and sworn to before me this 30th day of June, A. D. 1942.

"O. H. Matthews,
"Notary Public."

On July 7, 1942, Morris served and filed a further notice excepting to and demanding that the sureties on this "Amended Undertaking," (the same sureties named in the first "Undertaking") appear and justify pursuant to the statutory provisions. No steps were taken by Hanson in compliance with this notice and demand.

Written motion was then served and filed by Morris to dismiss the appeal, setting out five specific grounds therefor, the last one, under which the District Court granted the motion, reading:

"(e)    That neither of said undertakings on file herein could be enforced against the purported sureties named therein because such bonds are strictly construed in favor of the surety and the sureties thereon by the terms of said undertakings are bound to no named person and are bound for no particular purpose."

The District Court entered its findings, conclusions and judgment on February 26, 1942, in which it held:

"1.    That said purported undertakings on file herein dated June 5, 1942 and June 30, 1942, particularly referred to in the Findings of

Fact herein, are, and each of them is, defective, insufficient and inadequate as an appeal bond for the reason that there is no obligee named therein and the conditions under which the sureties thereon are to be bound are not set forth in said undertakings."

The District Court expressly denied the motion to dismiss on *all* the other grounds therein stated.

104-77-6, U. C. A. 1943 (the same in R. S. U. 1933), made applicable to City Courts by 20-4-29, U. C. A. 1943, provides, in the pertinent parts as follows:

"Within five days after filing the notice of appeal, an undertaking shall be filed with the justice, or with the clerk of the district court, with two or more sureties, in the sum of $100, for the payment of the costs on the appeal; and, if a stay of proceedings is claimed, in an additional sum equal to twice the amount of the judgment, including costs, when the judgment is for the payment of money, * * *; and shall be to the effect, when the the action is for the recovery of money, that the appellant will pay the amount of the judgment appealed from and all costs, if the appeal is withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against him in said action in the district court; and that, if the appellant does not make such payment within thirty days after the entry of judgment in the district court or after the date of withdrawal or dismissal of the appeal, judgment may be entered on motion of the respondent in his favor against the sureties for such amount with interest and costs; * * *."

The court dismissed the appeal because it concluded that each of the undertakings on file were "defective, insufficient and inadequate" as an appeal bond because there was no obligee named therein and the conditions under which the sureties thereon were to be bound was not set forth in the undertaking.

Was the conclusion of the lower court correct? We think it was not.

The defendant-appellant filed on June 5, 1942, a paper designated as an "Undertaking" the body of which is set out above. Since we have not the records before us which should be brought up on certiorari, it does not appear definitely that this "undertaking" was captioned with the

title of the case. If it were it appears to us that an obligation on the part of the two signers to pay the appellee the costs on appeal if the defendant Glenn Hanson lost or the case was dismissed could be spelled from the wording. It is difficult to see to whom besides the appellee the signers would be bound for costs. The obligee would therefore be readily ascertainable in accordance with the principle laid down in the note page 409, Ann. Cas. 1915A, where it is stated:

"In harmony with the reported case, there is considerable authority for the proposition that where it is apparent from a bond to whom it is payable, the fact that there is no obligee or nominee does not render the obligation void, and it is a perfect obligation in favor of the person to whom it is evident it is intended to be paid."

In the case of *United States Fidelity & Guaranty Co.* v. *Hansen*, 36 Okl. 459, 129 P. 60, 65, Ann. Cas. 1915A, 402, the court said:

"The failure to formally designate the obligee did not vitiate the bond. The recitals in the condition made it clear for whose benefit the bond was given. The law provided that the bond must be given to the minor, and, when the bond clearly showed that it was given to secure the faithful performance by R. S. Steele of his duties as guardian of Rosa Little Crow, the surety could not escape liability because the minor's name was not written in the first blank left for that purpose.

"As said by the Supreme Court of New Hampshire in Judge v. Ordway, 23 N. H. 198: 'We notice the kind of bond the law authorizes the judge to receive, and requires him to exact. Thus we know what the parties must have intended, much better than by any rules of construction; and we were bound to give the language used such construction as will give effect to the intention of the law, and of the court, and of the parties concerned, if it can be done consistently with the language used, however unskillfully the instrument may be drawn, and though some of the expressions used might be understood to import a different meaning, if they were to be construed merely by the ordinary rules of interpretation, and without that same light which the statute affords us as to the intention of the parties and of the probate court.' "

In *Downing* v. *Rademacher*, 136 Cal. 673, 69 P. 415, 416, it was said:

"The omission of a payee in the undertaking is immaterial. The Code does not require that it shall contain the name of the payee, and a proper construction of the undertaking renders the sureties liable thereon to the respondents."

See also *Embry* v. *Midland Land Co.*, 50 Okl. 616, 151 P. 218; *First Nat. Bank & Trust Co. in Sioux Falls* v. *Monserud*, 61 S. D. 460, 249 N. W. 813; 8 Am. Jur. 710, paragraph 9, 11 C. J. S., Bonds, p. 402, § 12b.

It is true that we are not definitely apprised on the matter of whether the Undertaking was captioned with the title of the case. It would appear so from the phrase "the above-named defendant Glenn Hanson." It hardly seems necessary for us to order up the record in the City Court for the purpose of making certain of this point. It should be further noted that both bonds state that:

"Whereas the above named defendant, Glenn Hanson, is desirous of appealing from a judgment in the *sum of $168.20*," etc. (Italics added.)

It would be a very remote chance indeed that there would be a judgment of $168.20 against Hanson in the City Court and in favor of some other party than James L. Morris. This aids materially in ascertaining the obligee in an "unmistakable manner." So much for the matter of ascertaining the obligee.

We next consider the question of whether the bond bound the sureties and if so for what?

The sureties were bound as provided for in 104-41-7, U. C. A. 1943. This section pertains to appeals from the District to the Supreme Court but the language of the section is that "appellant will pay all damages and costs which may be awarded against him on the appeal, or on a dismissal thereof, not exceeding $300." 104-77-6, U. C. A. 1943, dealing with an Undertaking on appeal from the justice to the district court contains practically the same language

requiring the appellant to pay the "costs on the appeal" if the bond is not a supersedeas up to $100. If the signers borrowed the words of 104-41-7 as above set out, those words could be assumed to have been incorporated in the bond. If so, and if it could be ascertained to whom they were bound, it seems that all the requisites of an obligation to a specific party can be spelled out from the instrument. We do not think if the paper had been accepted as an Undertaking and the defendant had lost the trial in the district court, the Melis boys could have defended on the ground that no obligee was named nor on the ground that it could not be ascertained for what or in what manner they had bound themselves. On its face the "Undertaking" appears to be a good bond.

And if the Undertaking of June 5th was not an Undertaking, the Undertaking of July 3rd was good. It purported to bind Gust and Nick Melis for the sum necessary under 104-77-6 to stay execution and protect the respondent for the recovery of his costs "as provided in the Utah Code Annotated, Sec. 104-77-6."

While the Undertakings are anything but artfully drawn, on their face they serve the purpose for which they show they were intended. The court should not have dismissed the case on the theory that a bond had not been given.

This was error. It is urged that the plaintiff has an adequate remedy by appeal and for that reason mandamus should be denied. Admittedly, an appeal could have been brought, but in view of the circumstance that the record had been erroneously returned to the City Court, we do not think we should be technical. The matter is here. It involves a small amount. It should be settled once for all. The writ to reinstate the suit is made permanent, such proceedings to be had as are in order upon the filing of an Undertaking. Such is the order.

McDONOUGH and WADE, JJ., concur.

LARSON, Justice (dissenting).

I dissent. I concur in the general thesis of the prevailing opinion that the second, or amended, undertaking was sufficient to have formed the basis for an action against the sureties; and that the District Court might have refused to dismiss the appeal, and ordered a new undertaking filed. I arrive at this conclusion, however, on a somewhat different rationale than that employed by the CHIEF JUSTICE. I dissent from the order made by the prevailing opinion. Since what seems to me the logical result of the rationale of the main opinion would ultimately lead the courts, the profession and the parties litigant into a Stalingrad from whence there could be no advance, no retreat, but only extermination of orderly procedure and legal rights, I must voice my protest against the slaughter. The administration of justice, in order that we may be a government of laws and not of men, must be bottomed upon orderly procedure, resting on certain basic and controlling principles, with which the courts should exact a reasonable compliance and conformance. The right to resort to the courts is guaranteed to all men. Art. I, Sec. 11, Utah Constitution, but only when one enters by the door. The courts should not be open to such as seek to enter through the back window. The path of entry has been defined and blazed by statute and rules and decisions of the courts. The guide posts and traffic signs are plainly visible, and the perpetuity of legal rights and justice require reasonable conformance to the traffic rules of the legal road.

The rules governing appeals from city courts to the District Court are clearly set out in Chap. 77, title 104, U. C. A. 1943, which deals with appeals from Justices' courts. Section 20-4-18 U. C. A. 1943, makes these provisions applicable to city courts. The chapter provides that a notice of appeal must be served and filed within thirty days after notice of entry of judgment, 104-77-3, that, within five days after filing notice of appeal an undertaking must be filed for the payment of costs on appeal, and if a stay of proceedings is

desired, the undertaking must be for twice the amount of the judgment plus one hundred dollars for costs, and be approved by the court wherein filed, 104-77-6; that "upon filing the notice of appeal and the undertaking  *   *   * and the payment of the fees of the justice  *   *   * " the justice shall within five days transmit the record and the judgment roll to the District Court, 104-77-5. This is the course by which an appeal should in due order proceed. But the service and filing of the notice of appeal within the five day period is the only step that is jurisdictional. 104-77-9; *Leavitt* v. *Couturier,* 82 Utah 256, 23 P. 2d 1101; *Greenwood* v. *Bramel,* 54 Utah 1, 174 P. 637. In the instant case the notice of appeal was timely served and filed, and when the papers were docketed in the District Court, that court had jurisdiction. The statute last cited prescribes three grounds upon which the District Court may on motion dismiss an appeal. The second and third grounds only could have any application to this case. They are that the undertaking was not filed within five days after the notice of appeal; and that a new undertaking was not filed when ordered by the court. Implicit in these grounds are two other propositions: that an undertaking may be filed after five days, and that where an undertaking is insufficient, a new one may be filed. We held in *Levy* v. *District Court,* 61 Utah 519, 215 P. 993, that if the court could order a new undertaking filed, one could be filed without an order. But the statute under discussion provides that the District Court may on motion of respondent, penalize an appellant for not conforming with the traffic rules on the legal highway by driving too slowly and erratically. Since such action is *in the discretion* of the District Court on a record before it, which we have not before us, how can we say that court abused its discretion?

Let us examine now the situation in the case before us. The first undertaking, filed within the five day period, was captioned in the City Court of Murray City, and entitled by the names of the parties. We must so conclude from the statement in the petition that appellant filed in

the city court an undertaking on appeal, conditioned as required by law for the payment of costs on appeal. The answer admits that an instrument labeled an "undertaking" was filed. Respondent below raised no objection to the form or sufficiency of this undertaking except as to qualification of the sureties, and demanded that they justify. In the motion to dismiss, made six months later he only questioned the undertaking as insufficient on the grounds that: (a) Plaintiff was not named as obligee in the bond; (b) that the sureties were bound for no particular purpose. If the undertaking were not properly captioned by court and parties, it hardly avails the plaintiff now, since he never raised the question below. From his failure to raise the question in the District Court we must assume that the undertaking was properly captioned, or that the judgment creditor waived the failure to properly caption the same. The second undertaking, designated as Amended Undertaking is pleaded in full in the petition and shows it properly captioned as to court and parties. *Slaughter* v. *Morton,* Tex. Civ. App., 195 S. W. 897; *Bauer* v. *Crow,* Tex. Civ. App., 171 S. W. 296; 4 C. J. S., Appeal and Error, § 539, p. 1002; 3 C. J. p. 1148; *Jones* v. *Richard,* 1 La. App. 214; *Dore* v. *Covey,* 13 Cal. 502; *Ives* v. *Finch,* 22 Conn. 101; *Van Deusen* v. *Hayward,* 17 Wend., N. Y., 67; *Virginia F. & M. Ins. Co.* v. *New York Carousal Mfg. Co.,* 95 Va. 515, 28 S. E. 888, 40 L. R. A. 237; 3 C. J. p. 1199 n. 44; 4 C. J. S., Appeal and Error, § 573, p. 1038; In re *Mead's Estate,* 145 Or. 150, 26 P. 2d 1103; *Shearman* v. *Cooper,* 294 Ill. 314, 128 N. E. 559; *Levy* v. *District Ct.,* supra.

There is a more serious question as to the first undertaking. As indicated by the prevailing opinion, the terms, purposes and conditions of the undertaking were set forth only by reference to a particular section of the statute. The section specifically incorporated in the undertaking is "Section 104-41-7, R. S. U. 1933." This section pertains to undertakings on appeal from the District Court to the Supreme Court. Since there could be no affirmance of the judgment,

or damages awarded by the Supreme Court, or costs incurred by an appeal to the Supreme Court the sureties thereon could incur no liability under this bond. We held in *Vander Schuit* v. *Daniels,* 78 Utah 135, 139, 1 P. 2d 966, that the liability of the sureties is strictissimi juris; that they are liable only within the definite conditions of the undertaking. A bond for an appeal to a court other than that to which an appeal is taken is insufficient. *McAulay* v. *Tahoe Ice Co.,* 3 Cal. App. 642, 86 P. 912; *Smith* v. *Walker,* 22 Fed. Cas. page 697, No. 13, 123a, Hempst. 289; *Wetumpka & C. R. Co.* v. *Bingham,* 5 Ala. 657 (on appeal from justice's judgment) ; *Sanitary Laundry Co.* v. *People,* 212 Ill. 300, 72 N. E. 434; *Merserole* v. *Merserole,* 13 N. J. L. 239; 4 C. J. S. Appeal and Error, § 539, p. 1003; 3 C. J. 1149. Courts of appeal cannot consider a case for which an appeal bond was made for an appeal to the Supreme Court. *Keaton* v. *Boughton,* 83 Mo. App. 158; *Ft. Worth & D. C. R. Co.* v. *Henry,* Tex. Civ. App., 88 S. W. 399; *Turner* v. *Southern Pine Lumber Co.,* 16 Tex. Civ. App. 545, 40 S. W. 1078; *Tucker* v. *State,* 11 Md. 322. There are a number of cases which hold that such error in the undertaking does not deprive the court to which the appeal is taken of jurisdiction. *Pershing* v. *Wolfe,* 8 Colo. App. 82, 44 P. 754. Those cases are not in point here, since the question here is not a matter of jurisdiction but one of discretion. It appears from such cases that jurisdiction attaches regardless of the bond, and that amendment of the bond could have been allowed. This is the definite rule in this state by virtue of statute, 104-77-9, U. C. A. 1943. The District Court could undoubtedly have allowed an amendment of the undertaking or permitted the filing of a new one had such request been made. When the court then permitted the Amended Undertaking to be filed, that was equivalent to an order to that effect. *Levy* v. *District Ct.,* supra. It follows therefore that the first undertaking was insufficient, but from what is said in the opinion of the CHIEF JUSTICE, the amended undertaking was sufficient to sustain an action against the sureties if the

bond were accepted and relied upon by the judgment creditor. It seems to be the better reasoned rule that where because of the bond the judgment debtor has obtained the benefits of an appeal, a stay of execution and a retrial of the cause, and the judgment creditor relied upon the bond through all the proceedings, the sureties are not permitted to evade liability because of irregularities or informalities in the bond. But it does not follow therefrom that the judgment creditor may not question the sufficiency of the bond, either as to form or substance, before trial or disposition of the appeal. The reasons the sureties should not be permitted to evade liability, are no reasons why the judgment creditor should not be permitted to insist on a bond clearly good as to form and substance. The judgment debtor seeks to enter the higher court. Let him enter by the door and not by the back window or the basement coal chute. Here the judgment creditor twice notified the judgment debtor that the sureties were not satisfactory and demanded they justify before the court. The judgment debtor blandly ignored both proper demands. The judgment creditor then moved to dismiss the appeal because the sureties failed to justify; because the form and substance of the bond were irregular and insufficient; and he feared he could not recover against the sureties under the rulings of this court in *Vander Schuit* v. *Daniels,* supra. That such doubt was not unreasonable appears from the fact that the District Court did hold the bond not good as against the sureties and also from the method used in the prevailing opinion to arrive at the conclusion that the sureties would have been held under the amended undertaking. He should not be required to accept without complaint a very evident lawsuit of doubtful results in lieu of an undertaking provided by statute. Even then the judgment debtor did not offer a new or proper undertaking, nor did he have the sureties justify. The trial court may well have concluded that the judgment debtor was "playing horse" with the creditor and

the court. To my mind the exercise of the court's discretion was very sound.

Even if this court should not approve of the judgment of the District Court, the ruling would simply be error, easily and properly reviewable by appeal, as a plain speedy and adequate remedy, and we should not permit resort to certiorari and mandamus in aid thereof. *Hoffman* v. *Lewis,* 31 Utah 179, 87 P. 167. I am unable to see how the trial court acted in excess of its jurisdiction in erroneously construing the undertaking and in concluding there was in effect no valid undertaking filed. It was properly within its jurisdiction in dismissing the appeal. If in error, the remedy by appeal to this court was adequate. *Kyrimes* v. *Kyrimes,* 45 Utah 168, 143 P. 232.

MOFFAT, Justice (dissenting).

I dissent. The District Court made findings and concluded

"that said purported undertakings on file herein dated June 5, 1942, and June 30, 1942, particularly referred to in the findings of fact herein are and each of them is defective, insufficient and inadequate as an appeal bond * * *."

After some repair work, as indicated in the prevailing opinion of Mr. Chief Justice WOLFE and the dissenting opinion of Mr. Justice LARSON, it is concluded that notwithstanding the irregularity as to form and substance, the purported second undertaking is sufficient so that recovery might be had against the sureties. Such finding or conclusion assumes that the sureties are what they purport to be and are capable of responding in the amount stated in the defective document.

That which supports an undertaking sufficient in form is the ability of the stated sureties to respond. When an undertaking was filed and the plaintiff below given the right as a matter of law to ascertain whether the sureties

were substantial and able to respond or were mere paper sureties and they, after notice (in the instant case two notices), failed to justify, the trial court was justified in finding as it did that there was no adequate or sufficient appeal bond on file. The dismissal was not, in my opinion, an abuse of discretion. There may have been wrong reasons given, but the whole picture is one justifying the action of the trial court.

Certainly, in my opinion, there is not such an abuse of discretion nor error as "to compel the performance of an act which the law specially enjoins as a duty" as called for by 104-68-2, U. C. A. 1943. The order of this court requires the reinstatement of the cause. The judgment of dismissal in the District Court was final. *Hoffman* v. *Lewis, Judge,* 31 Utah 179, 87 P. 167. The prevailing opinion would appear to put the plaintiff below in the position of re-trying the case, and should plaintiff prevail and the judgment debtor is execution proof and the sureties turn out to be likewise, the result is an empty victory. The same sureties having twice failed and refused to justify tends to raise a presumption that they could not. The defendant below (plaintiff there) certainly trifled with the court.

As indicated, I think the alternative writ heretofore issued should be quashed.